**KENT v. ROTHENSIES, Collector of Internal Revenue.**

No. 712.

District Court, E. D. Pennsylvania.

Sept. 25, 1940.

292

Leighton P. Stradley, of Philadelphia, Pa., James O. Wynn, of New York City, Thomas G. Haight, of Jersey City, N. J., George G. Tyler, and Clifford H. Domke, both of New York City, and Andrew B. Young, of Philadelphia, Pa., for plaintiff.

J. Cullen Ganey, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., and Carl J. Marold, Sp. Asst. Atty. Gen., for defendant.

KIRKPATRICK, District Judge.

This is an action for the recovery of additional income taxes paid for the years 1932, 1933, and 1934, amounting in all, with interest, to $302,958.17. The trial was to the court without a jury, and the evidence consists of a stipulation covering all relevant facts.

The question involved is whether certain income accumulated by the trustees of three identical trusts, established in 1932 by the plaintiff for members of his family, is taxable to the trustees or is to be included in the grantor's income.

The statute directly involved is Sec. 167(a) (1) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Code, § 167(a) (1), the pertinent part of which is: "Where any part of the income of a trust— (1) is * * * held or accumulated for future distribution to the grantor; * * * then such part of the income of the trust shall be included in computing the net income of the grantor."

Sec. 167 is incorporated by reference into Sec. 161, 26 U.S.C.A. Int.Rev.Code, § 161, which is as follows:

"(a) *Application of tax.* The taxes imposed by this title [chapter] upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

"(1) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust;

"(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct;

"(3) Income received by estates of deceased persons during the period of administration or settlement of the estate; and

"(4) Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated.

"(b) *Computation and Payment.* The tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary, except as provided in section 166 (relating to revocable trusts) and section 167 (relating to income for benefit of the grantor). * * *"

Under each of the three trusts involved in this suit, payments of income, up to $10,000 each year (increasing at the rate of $5,000 per year until the rate of $75,000 was reached), are to be made to the life beneficiary. The balance of each year's income is to be held and accumulated by the trustees for two years and then paid to the grantor, if living at that time, the accumulated fund being, however, subject to deductions up to $10,000 which the trustees are directed to make and transfer to the current payments to the life beneficiary in case the income of the current year should be insufficient to

meet the authorized current payments to the beneficiary. It is possible, though not likely, that these deductions might exhaust the fund accumulated. If the grantor should not be living at the end of any two-year period, then the accumulations of income are to go to certain other named persons, being the children and the wife of the grantor. The grantor is one of the two trustees, who are given somewhat unusual powers to deal with the trust property in connection with the grantor's business interests. The corpus does not revert to him under any circumstances. The foregoing description of the trusts is not intended to be complete, but is enough to present the question involved.

During the years 1932 to 1934, inclusive, each of the trusts produced income greatly in excess of the current payments required to be made to the beneficiary. These sums were held by the trustees for two years following their accumulation, at the end of which time the accumulated amounts, reduced by income taxes and other minor items, were on the dates designated for distribution paid to the plaintiff. The Commissioner of Internal Revenue treated these payments as income taxable to the plaintiff. The deficiencies resulting from this action were duly assessed and paid. Claims for refund were filed by the plaintiff, and, after rejection by the Commissioner, this suit was begun.

■ Although our primary concern is with Sec. 167, that section cannot be properly interpreted without reference to Sec. 161, of which it is expressly made a part. Sec. 161 declares all trust income taxable and enumerates four general categories. The first category—contained in subsection (a) (1)—may be generally described as income which the trustee has no discretion to distribute currently, but must, by reason of the restrictions of the trust itself (not merely the normal process of distribution of decedents' estates) hold until some specified time or event in the future. These characteristics distinguish this income from the three other categories mentioned in subsections (a) (2), (3) and (4).

■ Subsection (a) (1) is further subdivided. It first enumerates income accumulated for unborn persons, unascertained persons, and persons with contingent interests. These three classes have the common characteristic that the in-

come is to be ultimately distributed to a person whose identity cannot be determined at the time of the creation of the trust. They cover the whole field of contingent distribution. Then the clause goes on, "and income accumulated or held for future distribution under the terms of the will or trust." Obviously this last clause must be intended to indicate other types of income, else it would serve no purpose and would be merely tautological. The balanced structure of the sentence ("Income accumulated * * *, and income accumulated * * *") strongly suggests two, rather than four, general classes. The principal, if not the only kind of income left for the last clause to cover, is income accumulated for distribution to ascertained persons in being with vested interests. The meaning would be clearer if it read, "and other income," etc., but I think that meaning is implicit in it.

In enacting Sec. 167(a) (1), Congress must have had in mind the manner in which it had dealt with accumulated income in Sec. 161. The precise correspondence of the words which it chose to use in Sec. 167(a) (1) in taxing certain trust income to the grantor with those of the last clause of Sec. 161(a) (1) is an indication that Congress had that particular clause in mind and intended the scope of Sec. 167(a) (1) to correspond with the scope of that clause. If so, it would follow that the phrase, "part of the income * * * held or accumulated for future distribution to the grantor," in Sec. 167(a) (1) was meant to apply to income held or accumulated for distribution to a vested interest.

It is, however, not a mere matter of rhetoric. Any other interpretation will give rise to logical and practical difficulties. Obviously Sec. 167(a) (1) cannot have been intended to apply to all the classes of income described in Sec. 161(a). Thus it cannot possibly refer to income held for the benefit of unborn persons, for the grantor cannot be an unborn person. It is almost as difficult to conceive of him as an unascertained person. It is, of course, not at all difficult to view him as a person having a contingent interest, but here the trouble comes with the words "for future distribution to." Can it be said that income is held for future distribution to a person who may or may not receive it depending on unpredictable events, such as death or survival?

This last thought brings us directly to the heart of the defendant's argument. The defendant's position is that Sec. 167 is all that we are concerned with, and that, taxation being a practical matter and having to do chiefly with facts and the economic consequences that result from those facts, the governing consideration is whether the primary purpose for which the money is held is that it should be distributed to the grantor at some time in the future, even though his death prior to that time might defeat his right to receive the money. The question naturally arises, how is it to be determined what the primary purpose of a contingent gift of this kind is? The defendant's answer, in effect, is that it all depends upon the probabilities. If the chances are that the grantor will die before he can receive the future distribution of income, then it is not held for distribution to him. If, on the other hand, it is highly probable that the grantor will receive the money, then the primary purpose can be found to have been distribution to him.

I agree that the illustration used at the argument—a taxpayer who expects a large dividend payable on December 31 and puts the stock in trust, directing that the income be accumulated until one o'clock on New Years morning following, and then paid to him only if he is then living—makes a good case for the defendant's theory and puts the plaintiff's to a severe test. On the whole, however, I think that the uncertainties and difficulties bound to follow the adoption of the defendant's point of view are more important considerations than opportunities for tax avoidance. Some of these uncertainties are suggested by the plaintiff. For example: are the age, health and occupation of the grantor to be considered when the court comes to determine the probability or improbability of his surviving long enough to receive the accumulated income; are the number of lives between him and the income to be considered, and, if so, must the probable expectancy of each of those lives be estimated, etc? The statute is, after all, susceptible of amendment and Congress can extend it by providing that income received by the grantor shall be taxable to him although he has a contingent inter-

est or is, at the time the trust is created, an unascertained member of a class.

It seems to me that there is no way of making a consistent and workable whole out of this group · of enactments except by reading Sec. 167(a) (1) as applying to only the last clause of Sec. 161(a)(1) and by reading that clause as limited to accumulated income in which the distributee has a vested interest.

Taxation is a practical matter from the taxpayer's point of view as well as from the government's. The desirability of certainty so far as it can reasonably be obtained, and the power of the government to write the tax laws as it desires, has given rise to the rule of strict construction for taxing statutes—a rule, it must be said, frequently ignored, largely because of the entirely understandable temptation to circumvent elaborate schemes for tax avoidance.

In the present case, the fact is that on December 31 of each of the years 1932 to 1934, the trustee did not and could not know for whom they held the income which has been taxed to the plaintiff. Whether the grantor can properly be called an unascertained person or a person having a contingent interest, it seems to me, makes very little difference. In fact, when the subject is pursued, it is by no means easy to draw a line between the two. However, the difference, if any, is unimportant. The plaintiff concedes that, this being a taxing statute, the intention of Congress in using the words governs, and that the decisions of the State of Pennsylvania defining contingent interests are only indirectly relevant.

I have not discussed the legislative history of the statutes because I find that it throws very little light upon the rather narrow question of interpretation now before us. The first of the predecessors of Sec. 161 appears in the Revenue Law of 1916. It was put there to supplement the Law of 1913, which did not tax trusts as separate entities and hence did not reach income to be accumulated for unborn or unascertained persons. Smietanka v. First Trust & Savings Bank, 257 U.S. 602, 42 S.Ct. 223, 66 L.Ed. 391. These enactments, however, were more than mere stopgaps. They expressly declare the general taxability of trust income, specifically but not exclusively enumerating certain kinds of income, only the first of which meets the decision in the First Trust & Savings Bank case, supra. Consistent with the general scheme of recognizing trusts as separate taxable entities, the acts provide that the trustee shall be the primary taxpayer. The only genuine exceptions are those contained in Secs. 166 and 167, 26 U.S.C.A. Int.Rev.Code, §§ 166, 167, the counterpart of which first appeared in the Revenue Law of 1924. Income currently distributed is still to be returned by the trustee, but the amount of income so distributed may be taken by him as a deduction and the tax paid by the beneficiary.

I have examined the committee reports in connection with the various acts, but the only general conclusion that one can draw is that Congress was frequently concerned with tax avoidance, and from time to time amended the law to meet cases which existing statutes were admittedly inadequate to reach. This, however, is no warrant for this court to take over the task of catching up with the taxpayer.

The conclusion is therefore reached that the income involved in this suit is not taxable to the plaintiff under the provisions of Sec. 161 and 167.

The government, however, argues that even if the income is not reached by these sections, it is taxable to the grantor, as his own, within the broad definition of income in Sec. 22(a) of the Revenue Act of· 1932, 26 U.S.C.A. Int.Rev.Acts, page 487, and cites several decisions, particularly Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed.'788. It is not to be denied that in the trusts in the present case the grantor retained a substantial measure of the rights that go to make up ownership. However, I do not think that the principle of disregarding the separate trust entity where beneficial ownership and control remain with the grantor is to be extended much further than it was in Helvering v. Clifford, supra, and it would have to be extended a great deal further to reach these trusts. The trust in Helvering v. Clifford, supra, was a short term trust with the corpus reverting to the grantor at its termination. There were also other important attributes of ownership retained by the grantor more striking than in the present case, but I think that that one is sufficient to distinguish the two cases. The Treasury regulations upon the subject, which, the

government contends, have been sanctioned by re-enactments of the law after their original adoption, provide, as the first of the criteria given to determine the real ownership, "the fact that the corpus is to be returned to the grantor after a specific term." It is unnecessary to pursue the subject further. Congress has shown no intention to disregard the trust entity. On the contrary, it has been carefully preserved and defined as a subject of taxation.

### Findings and Conclusions.

The facts are found as stipulated.

In addition I affirm all the defendant's requests for findings of fact.

### Conclusion of Law.

1. The income from the trusts in suit is taxable to the trustees and no part of it is taxable to the grantor.

The defendant's first request is affirmed. All the other defendant's requests for conclusions of law are denied.

Judgment may be entered for the plaintiff in the amount claimed, with interest and costs.