KENT v. ROTHENSIES, Collector of Internal Revenue.

No. 7637.

Circuit Court of Appeals, Third Circuit.

May 22, 1941.

Carl J. Marold, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., on the brief), for appellant.

James O. Wynn, of New York City (Leighton P. Stradley, of Philadelphia, Pa., Robert H. Montgomery, George G. Blattmachr, and G. Harold Blattmachr, all of New York City, Thomas G. Haight, of Jersey City, N. J., Maurice T. Moore and George G. Tyler, both of New York City, and Andrew B. Young, of Philadelphia, Pa., on the brief), for appellee.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

The United States District Court for the Eastern District of Pennsylvania entered judgment for the plaintiff in a suit brought by him against the Collector of Internal Revenue for the recovery of taxes for the calendar years 1932, 1933, and 1934. 35 F.Supp. 291. The sole question before the district court and before us upon appeal is whether certain income from three irrevocable trusts created by the plaintiff was taxable to him. The facts were stipulated.

In May, 1932, the plaintiff created the Elizabeth Kent Van Alen Trust, the Virginia Tucker Kent Trust and the A. Atwater Kent, Jr. Trust, naming himself and a trust company trustees of each of the trusts. Elizabeth Kent Van Alen, Virginia Tucker Kent and A. Atwater Kent, Jr. are the children of the plaintiff.

Such provisions of the trusts as are pertinent to the determination of this appeal are identical in all three trust instruments. For convenience we shall refer to the Elizabeth Kent Van Alen Trust as typical. Under its terms beginning in 1933 Elizabeth was to receive one half[1] of the trust income each year. If Elizabeth died before the grantor payments were to be made to her children. The remaining one half of the income was to be held and accumulated by the trustees for two years. At the expiration of the full two years the trustees were to distribute the accumulation to the grantor, if living; otherwise, in the order named, to the grantor's wife, to Elizabeth, to Elizabeth's issue and husband, to the General Family Trust, and finally to the Atwater Kent Foundation, Inc. In accordance with these directions the trustees accumulated trust income remaining after payments to Elizabeth and on December 31, 1932, 1933 and 1934 held taxable income received by them during those years as follows:

| 1932 | 1933 | 1934 |
|------|------|------|
| $84,604.58 | $46,486.55 | $41,573.94 |

The trustees included these amounts in the trust income tax returns filed for those years.[2]

The Commissioner of Internal Revenue included these amounts in the plaintiff's income for 1932, 1933 and 1934 and collected the tax thereon. The plaintiff brought suit for the recovery of the taxes paid. The district court concluded that the plaintiff was not liable for taxes upon the accumulated income and gave judgment for the plaintiff. The government contends that so much of the trust income as was held or accumulated by the trustees was properly taxable to the plaintiff because it was held and accumulated for future distribution to him as grantor within the intent of Section 167 of the Revenue Acts of 1932 and 1934, 26 U.S.C.A. Int.Rev.Code, § 167.

Section 167 (which is identical in both the Revenue Acts) provides:

"§ 167. Income for benefit of grantor

"(a) Where any part of the income of a trust—

"(1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor; or

\*    \*    \*    \*    \*

then such part of the income of the trust shall be included in computing the net income of the grantor."

Generally speaking, trust income is taxable to the fiduciary by reason of Section 161 of the Revenue Acts of 1932 and 1934.[3]

---

[1] The one half, however, might not exceed the following maximum amounts for each year:

One half the income of the trust fund for the year, but not exceeding the following maximum amounts:—

| In 1932 | Nothing to be paid |
|---------|--------------------|
| 1933 | $10,000 |
| 1934 | 15,000 |
| 1935 | 20,000 |
| 1936 | 25,000 |
| 1937 | 30,000 |
| 1938 | 35,000 |
| 1939 | 40,000 |
| 1940 | 45,000 |
| 1941 | 50,000 |
| 1942 | 55,000 |
| 1943 | 60,000 |
| 1944 | 65,000 |
| 1945 | 70,000 |
| 1946 and any year thereafter | 75,000 |

Any excess income over these amounts was to be held and accumulated for two years. If one half of the income of a calendar year should be insufficient to meet the maximum payments for that year the trustees were directed to pay the difference to Elizabeth out of the prior two year accumulation, provided it did not exceed $10,000.

[2] When the trustees paid the plaintiff the accumulations in 1934, 1935 and 1936 they deducted therefrom the income taxes which they had paid upon the trust income. In addition they deducted $20,000 from the 1936 payments to the plaintiff because it had been necessary to use that much of the 1934 accumulations to make the necessary payments to Elizabeth in 1935. The plaintiff actually received the following amounts:

| 1934 | 1935 | 1936 |
|------|------|------|
| $69,412.97 | $44,369.73 | $29,773.59 |
| (instead of | (instead of | (instead of |
| $84,604.58) | $46,486.55) | $41,573.94) |

[3] Both Revenue Acts provide:
"§ 161. Imposition of tax

"(a) Application of tax. The taxes imposed by this title [chapter] upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

"(1) Income accumulated in trust for the benefit of unborn or unascertained

There are, however, statutory exceptions to this rule. So, if the income is to be or is distributed currently to the beneficiaries or to the guardian of an infant the tax on that amount is paid by the beneficiary or guardian rather than by the fiduciary. Section 162(b), 26 U.S.C.A. Int.Rev.Code, § 162(b). If the income is derived from a trust which is revocable by the grantor either alone or in conjunction with any person not having a substantial adverse interest or by any person not having a substantial adverse interest it is taxable to the grantor rather than to the fiduciary. Section 166, 26 U.S.C.A. Int.Rev.Code, § 166. If, inter alia, the income from the trust is held or accumulated for future distribution to the grantor it is taxable to the grantor and not to the fiduciary. Section 167, 26 U.S.C.A. Int.Rev.Code, § 167.

It would seem that the provision last mentioned fits exactly the situation before us upon this appeal. The taxpayer urges that it does not apply, however, because, he says, the person for whom the trust income is held or accumulated is unascertained. The district court held Section 167 inapplicable because the grantor does not have a vested right in the accumulations. Both the opinion of the district court and the argument of the taxpayer stress the point that if the grantor dies before the expiration of two years from the time the trust income is received by the trustees the accumulations are to be distributed, not to the grantor, but to others named in the trust. In addition it is pointed out that some of the accumulations might be consumed in a later year to make up the necessary annual payment to the named beneficiary. In effect, both the taxpayer and the district court would read Section 167 as though it provided that the trust income is taxable to the grantor if it "is unconditionally held or accumulated for future distribution to the grantor."

We find no justification for such a construction either in the language of Sections 161 and 167 or in the purpose of Congress in enacting Section 167. Indeed, when we consider that Congress was dealing with the problem of eliminating the use of the trust device as a means of avoiding surtaxes [4] we can hardly think that it intended to weaken the effectiveness of the remedy it was devising by making it applicable only when the right of a grantor to accumulations of trust income was vested or unconditional. To read into the section so restricted a meaning is to destroy its practical utility as a means for preventing tax avoidance.[5]

persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust;

"(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct;

"(3) Income received by estates of deceased persons during the period of administration or settlement of the estate; and

"(4) Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated.

"(b) Computation and payment. The tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary, except as provided in section 166 (relating to revocable trusts) and section 167 (relating to income for benefit of the grantor). For return made by beneficiary, see section 142." 26 U.S.C.A. Int.Rev.Code, § 161.

[4] The report of the Committee on Ways and Means (House Report No. 179, 68th Cong., 1st Sess. p. 21) on Section 219(h) of the Revenue Act of 1924, 26 U.S.C.A. Int.Rev.Acts, page 31, which was the source of Section 167, says:

"Trusts have been used to evade taxes by means of provisions allowing the distribution of the income to the grantor or its use for his benefit. The purpose of this subdivision of the bill is to stop this evasion."

[5] To illustrate. The Revenue Act of 1932 imposed a surtax of $22,460 upon net incomes of $100,000 and a surtax of $120,960 upon net incomes of $300,000. Let us assume that a taxpayer has assets which produce a net income of $300,000 annually, has on hand accumulated income more than sufficient to meet his requirements for the next two years and has, therefore, no need to encroach upon his principal. He creates three irrevocable trusts and assigns sufficient property to each to produce annual net income of $100,000. He directs the trustee of each trust to pay a named beneficiary $100 annually and to hold and accumulate the excess income for two years. At the expiration of two years the trustees are to pay the accumulations to him, if living, otherwise to his wife and children. According to the taxpayer's contention in this case each trustee pays a surtax of $22,460, making a total of $67,380. The grantor, although continu-

It is our duty to construe the statutory language as written. Nowhere in Section 167 is there any suggestion that the accumulations of trust income must actually be distributed to the grantor in order to make the section applicable. Indeed, even if the right of the grantor to the accumulations were absolutely vested he would not actually receive them if he died prior to the date of distribution. Nor is there any suggestion in the section that the trust income must be held or accumulated exclusively for the grantor. The plaintiff is not only one of a number of persons to whom distribution may eventually be made but in fact is the presumptive taker of the trust accumulations. As a practical matter, so long as the plaintiff is alive the accumulations of the trust income are for him. And since the Revenue Acts are concerned solely with the practical aspects of income taxation and not with the question whether the right of the taxpayer to the income is conditional or unconditional, contingent or vested subject to being divested by death, we think the plaintiff is subject to the tax under the language of Section 167 as written.

The district court felt it necessary to reconcile the language of Sections 161 and 167 but we see no conflict between them. Section 161(a) declares that the income tax shall apply to trust income including "(1) Income accumulated in trust for the benefit of * * * persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust." The income with which we are concerned clearly is made taxable by this language. The question which concerns us, however, is not the taxability of the income but the identity of the taxpayer. This is determined not by Section 161(a) but by Section 161(b) which provides that the taxpayer shall be the fiduciary "except as provided in Section 166 (relating to revocable trusts) and Section 167 (relating to income for benefit of the grantor)." But Section 167 provides that it shall be the grantor and not the fiduciary who pays the tax on income held or accumulated for future distribution to the grantor. Thus the income here involved is made taxable by Section 161(a)(1) but the tax is imposed upon the plaintiff as grantor by the provisions of Sections 161(b) and 167.

In view of our conclusion that Section 167 is applicable we deem it unnecessary to pass upon the government's further contention that the trust income is taxable to the plaintiff as his own income within the definition of Section 22(a) of the Revenue Acts of 1932 and 1934, 26 U.S.C.A. Int.Rev. Acts, pages 487, 669, because the plaintiff reserved to himself such complete control over the trust property and its income as to remain its owner for all practical purposes.

The judgment of the district court is reversed.

---

ing after two years to enjoy the income during his life, pays nothing, and has

thus saved himself $53,580 annually in taxes.