### UNITED STATES v. ANDERSON.
### SAME v. ANDERSON et ux.
#### Nos. 9085, 9086.

Circuit Court of Appeals, Sixth Circuit.

Dec. 2, 1942.

Lyle M. Turner, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., J. Louis Monarch, Helen R. Carloss, and Lyle M. Turner, Sp. Assts. to Atty. Gen., and J. B. Frazier, Jr., of Knoxville, Tenn., on the brief), for appellant.

M. W. Egerton, of Knoxville, Tenn. (M. W. Egerton and James L. Clarke, Jr., both of Knoxville, Tenn., on the brief), for appellees.

Before HAMILTON, MARTIN and McALLISTER, Circuit Judges.

HAMILTON, Circuit Judge.

On July 21, 1931, appellee J. H. Anderson created a trust of the corpus of the estate of his deceased wife, acquired by him as sole beneficiary of her will, after her death on June 8, 1928, and upon the receipt of the estate July 21, 1931. The trust was evidenced in writing, the material parts of which are in substance as follows:

The settlor, a member of the First Baptist Church of Knoxville, Tennessee, and interested in the development and furtherance of the Baptist denominational work in the Southern States, as outlined and determined by the cooperative program of the Southern Baptist Convention and being desirous of aiding and assisting the specific church of which he was a member, conveyed to the Hamilton National Bank of Knoxville, Tennessee, as trustee, certain real and personal property with directions to hold all such property, collect the interest, income, dividends and earnings therefrom and after deducting from such income a fee of one percent for its services to pay the remainder to the First Baptist Church of Knoxville, Tennessee, as beneficiary of the trust, the church to contribute the money thus received to the cooperative program of the Southern Baptist Convention. The trustee was empowered to invest and reinvest the corpus of the trust and to exchange the properties for other properties of equal value. Before selling, exchanging or reinvesting any of the properties of the trust, the trustee was required to obtain the consent and approval of the settlor and in the event of his death, that of his executor, as the settlor stated, for the purpose of safeguarding the interest of the beneficiary of the trust. The settlor reserved the right to vote all stocks held by the trustee and the trustee was required to execute any proxies the settlor directed. Stock dividends, if any, received by the trustee, were to become a part of the corpus of the trust. The settlor retained without qualification the right to remove the named trustee and to select a successor and the settlor reserved the right also to revoke the trust on January 1, 1937. Upon the termination of the trust the title of all the property forming the corpus was to be reconveyed to the settlor, if he were living, if not, the reversion was to the executors of his will. The trustee was relieved of all liability for depreciation or a decline in value of any part of the corpus of the es-

tate and was not required to execute bond or make settlement of its accounts.

Appellee in No. 9085 included the income of the trust in his gross income for the year 1934, on which he paid a tax of $8,816.09. Appellees in No. 9086 filed a joint return for the year 1935 and included in gross income the income of the trust, and paid taxes on that account of $4,126.66. Statutory refund claims were duly filed for the above sums by the appellees for the years in question and the claims were in due course rejected resulting in the institution of these actions. The lower court found appellee J. H. Anderson was not chargeable with the tax on the income from the trust estate. None of the income of the trust was received by appellee J. H. Anderson, and none of it was included in his income tax returns for the calendar years 1931, 1932 and 1933.

The sole issue presented is whether the language of Section 22(a) of the Revenue Act of 1934, c. 277, 48 Stat. 680, 26 U.S.C.A. Internal Revenue Code, § 22(a), impels the inclusion of the income from the trust in the gross income of appellee J. H. Anderson. Before proceeding to a discussion of the taxability of the income, we will dispose of appellee's contention that the questions of ownership of the corpus of the trust and the title to the income arising therefrom are questions of fact to be determined by the trial court and are not subject to review except on the question of whether the lower court's findings are supported by substantial evidence. As we view the issue tendered, it is a conclusion of law, or at least a mixed question of law and fact, subject to review. Bogardus v. Commissioner, 302 U.S. 34, 39, 58 S.Ct. 61, 82 L.Ed. 32.

Section 22(a) expressed the purpose of the Congress to bring within the ambit of the taxing statute all income derived from any source whatever. Some of the phrases in this section are generalizations, creating difficulties in their application, and the statute has aspects not to be comprehended in a single definition. The Supreme Court has given us some concrete examples of its application which guide us in the case at bar. In Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788, the court considered a case where the taxpayer had declared himself trustee of certain securities which he owned. All of the net income from the trust was to be held for

the exclusive benefit of the taxpayer's wife. The trust terminated at the end of five years or earlier on the death of either the taxpayer or his wife. On the termination, the entire corpus reverted to the settlor. All accrued or undistributed net income and any accretions from the investment or reinvestment of the corpus became the exclusive property of the settlor's wife. During the trust period, the trustee was given full power to exercise voting powers incident to the trusteed shares of stock, to sell, exchange, mortgage or pledge any of the securities in the trust whether as part of the corpus or principal or as investments or proceeds and any income therefrom upon terms and for such consideration as he deemed fitting, and to invest any cash or money or the income therefrom by loans secured or unsecured, by deposits in banks or by purchase of securities or other personal property without restriction, to collect all income, to compromise all claims held by him as trustee and to hold any property in the trust estate in the names of other persons or in his own name as an individual except as otherwise provided.

The court, in holding that the income of the trust was a part of the gross income of the donor, said:

"In substance his control over the corpus was in all essential respects the same after the trust was created, as before. The wide powers which he retained included for all practical purposes most of the control which he as an individual would have. * * *" 309 U.S. at page 335, 60 S.Ct. at page 556.

"* * * It is hard to imagine that respondent felt himself the poorer after this trust had been executed or, if he did, that it had any rational foundation in fact. For as a result of the terms of the trust and the intimacy of the familial relationship respondent retained the substance of full enjoyment of all the rights which previously he had in the property. * * * With that control in his hands he would keep direct command over all that he needed to remain in substantially the same financial situation as before." 309 U.S. at page 336, 60 S.Ct. at page 557.

■ In applying Section 22(a) the technical law of trusts must yield to the actualities and if according to the language of the trust instrument or in view of all the circumstances attendant upon its creation, the settlor has so far reserved dominion and control over the corpus as to remain the actual owner thereof and the beneficiary of the income, the trust income is taxable to him. Suhr v. Commissioner of Internal Revenue, 6 Cir., 126 F.2d 283; Price v. Commissioner, 6 Cir., 132 F.2d 95, decided November 30, 1942.

■ The present writing establishes a technical trust only, with more of the characteristics of an agency. An agent undertakes to act on behalf of his principal and is subject to his control. On the other hand a trustee usually has discretionary powers and acts for a term. No discretion was lodged in the trustee here to dispose of any of the corpus of the trust without the consent of the settlor and the power to vote the corporate stocks was lodged exclusively in the settlor. The trust instrument gave to the trustee the right to resign at any time upon thirty days' notice and gave to the settlor the right at any time during the life of the trust to discharge the trustee by substitution and there was no prohibition in the instrument against the settlor being successor trustee. Where the owner of property transfers or delivers such property to another to hold and deal with as custodian, to receive its income and pay it as directed by the grantor, with power to sell the property and reinvest the proceeds as directed by the grantor, the relationship is one of agency in so far as the grantee deals in the property or collects its income. In so far as the grantee holds title to the property, the relationship is one of trustee and cestui que trust.

The trustee in the present case held title to the property exclusively for the benefit of the settlor. The substance of the transaction was to pledge to the Baptist Church the future income accruing from the corpus of the trust, to secure which the title to the property was placed in the trustee. The settlor in the instant case sustained no diminution in the value of his estate by reason of the alleged trust.

Appellees insist that however the present trust instrument may be viewed, whether as one of trust or agency, the appellee J. H. Anderson made a valid and bona fide assignment of income-producing property and that the income arising subsequently from the property was taxable to the assignee. In Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 147, 85 L.Ed. 75, 131 A. L.R. 655, the court had before it a case where the donor of a gift owned negotiable bonds. During the tax year he detached

the interest coupons payable from the bonds and delivered them to his son as a gift. The court included in the gross income of the donor the interest payments received by the son. The rationale of this decision is that the income was realized by the assignor because he was its owner or that he controlled its source as well as its disposition and diverted the payment from himself to another, thereby consummating his enjoyment of it by some event other than his personal receipt of the money or property. The court there said:

"The taxpayer has equally enjoyed the fruits of his labor or investment and obtained the satisfaction of his desires whether he collects and uses the income to procure those satisfactions, or whether he disposes of his right to collect it as the means of procuring them. Cf. Burnet v. Wells, supra [289 U.S. 670, 53 S.Ct. 761, 77 L.Ed. 1439].

"Although the donor here, by the transfer of the coupons, has precluded any possibility of his collecting them himself he has nevertheless, by his act, procured payment of the interest, as a valuable gift to a member of his family. Such a use of his economic gain, the right to receive income, to procure a satisfaction which can be obtained only by the expenditure of money or property, would seem to be the enjoyment of the income whether the satisfaction is the purchase of goods at the corner grocery, the payment of his debt there, or such nonmaterial satisfactions as may result from the payment of a campaign or community chest contribution, or a gift to his favorite son. Even though he never receives the money he derives money's worth from the disposition of the coupons which he has used as money or money's worth in the procuring of a satisfaction which is procurable only by the expenditure of money or money's worth. The enjoyment of the economic benefit accruing to him by virtue of his acquisition of the coupons is realized as completely as it would have been if he had collected the interest in dollars and expended them for any of the purposes named."

To make financial sacrifice to piety or to establish a strong and predominant religion often brings a satisfaction of one's desire greater than that gained from similar sacrifice for blood kin. In our opinion, under the standard set in the Clifford and Horst cases, the income of the so-called present trust was taxable to the appellee J. H. Anderson. The judgments of the lower court are reversed with direction to dismiss appellees' petitions.