## DOWNIE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9357.

Circuit Court of Appeals, Sixth Circuit.

Feb. 19, 1943.

T. G. Thompson, of Cleveland, Ohio, for petitioner.

William B. Waldo, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, and Warren F. Wattles, all of Washington, D. C., on the brief), for respondent.

Before HICKS, SIMONS, and MARTIN, Circuit Judges.

### PER CURIAM.

Since the promulgation of the opinion of the Supreme Court in Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788, this court has applied its interpretation of the doctrine there declared in numerous income tax cases involving trusts.

In the instant case, the petitioner seeks reversal of the decision of the United States Board of Tax Appeals (now the Tax Court of the United States) holding taxable to him, as trustor, the income from a trust which he created by indenture with a national banking association. The salient characteristics of the trust were that the income should be accumulated and, upon the death of the settlor, the entire corpus of the trust estate should be distributed to the brother and sister of the settlor. The reservation was made, however, that should the settlor become disabled, both the principal and the income of the trust should be used for his maintenance and support.

The settlor further reserved to himself the right, at any time, to revoke the trust agreement and to withdraw from its operation the whole or any part of the trust property; to change the beneficiaries of the trust, their respective shares and the plan of distribution to each; and, with the trustee's consent, to modify the agreement in any other manner; provided, however, that during the lifetime of the beneficiaries the consent of at least one of them was required to the exercise by the settlor of these reserved rights. After the death of the beneficiaries, the exercise of the reserved rights rested in the sole discretion of the settlor. The right to change the trustee at any time was unqualifiedly reserved by the settlor.

On these facts, the instant case is plainly to be distinguished from Suhr v. Commissioner of Internal Revenue, 6 Cir., 126 F.2d 283, and is clearly within the ambit of Commissioner of Internal Revenue v. Goulder, 6 Cir., 123 F.2d 686; Price v. Commissioner of Internal Revenue, 6 Cir., 132 F.2d 95, decided November 30, 1942; United States v. Anderson, 6 Cir., 132 F. 2d 98, decided December 2, 1942; and Warren v. Commissioner of Internal Revenue, 6 Cir., 133 F.2d 312, decided December 17, 1942; for the reason that the bundle of rights reserved to the grantor renders the income from the trust taxable to the petitioner under Section 22(a) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev. Acts, page 825.

In our judgment, the income of the trust is also taxable to the petitioner under the provisions of Section 167 of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 895, in conformity with our previous adjudications in Altmaier v. Commissioner of Internal Revenue, 6 Cir., 116 F.2d 162, certiorari denied 312 U.S. 706, 61 S.Ct. 827, 85 L.Ed. 1138; Commissioner of Internal Revenue v. Central National Bank, 119 F.2d 470; and Commissioner of Internal Revenue v. Willson, 6 Cir., 132 F. 2d 255, decided December 3, 1942. These decisions appear to be in accord with the opinion of the Supreme Court in Helvering v. Stuart, 63 S.Ct. 140, 87 L.Ed. ——, decided November 16, 1942.

Accordingly, the decision of the Board of Tax Appeals (now the Tax Court of the United States) is affirmed.