**BYERLY v. COMMISSIONER OF INTERNAL REVENUE.**

**COMMISSIONER OF INTERNAL REVENUE v. BECK et al.**

Nos. 9884, 9895.

Circuit Court of Appeals, Sixth Circuit.

April 17, 1946.

SIMONS, Circuit Judge, dissenting.

———◆———

Lee E. Joslyn, Jr., of Detroit, Mich., for J. A. Byerly, J. M. Beck, and others.

Melva M. Graney, of Washington, D. C., for Commissioner of Internal Revenue.

Before SIMONS, ALLEN, and MARTIN, Circuit Judges.

PER CURIAM.

Again we are called upon to review a decision of the Tax Court upholding the assessment of income tax deficiencies against the settlor in a family trust indenture. We have heretofore written numerous opinions relating to family trusts since the promulgation of the opinion of the Supreme Court in Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788. The first of our series was Altmaier v. Commissioner, 6 Cir., 116 F.2d 162, in which certiorari was denied, 312 U.S. 706, 61 S.Ct. 827, 85 L. Ed. 1138. Our opinions in this field of tax litigation were collated, to the date of its announcement, in Downie v. Commissioner of Internal Revenue, 6 Cir., 133 F.2d 899. Further contributions have been made by our court to the subject matter since that time. We, therefore, find no occasion for writing another lengthy dissertation upon family trusts under the doctrine of the Clifford case.

While the instant controversy presents a family trust revealing more extensive powers nominally vested in the trustees than were vested by the trust instrument in any case heretofore presented to us, the majority of the court is of opinion that the Tax Court was fully justified in finding, upon the facts, that the present trust was merely a means of real-

locating the family income within the family group.

The settlor, J. A. Byerly, nominated as trustees his wife, the vice-president and merchandise manager of his substantially owned and wholly controlled corporation, and the long-time secretary of the corporation. The last-mentioned trustee was succeeded by a consulting accountant for the corporation, who prepared the income tax returns for the settlor, individually, as well as for the trust, and supervised the book-keeping of the trust. None of the trustees received compensation for services as such. The trustor's wife did not participate actively in the management of the trust. The bulk of the trust estate consisted of shares in the corporation, of which the trustor owned practically all the shares and conveyed them to the trustees. The wife had no individual investments, and was entirely dependent upon her husband for support.

There is ample basis for the conclusion of the Tax Court that, notwithstanding the existence of the trust, the settlor remained in substantial control of the corporation, and that his business associates were chosen, as trustees, not for the exercise of their independent judgment as fiduciaries, but because they were employed by the corporation "which he had set up and controlled." As the Tax Court points out, these trustees made it quite clear that they knew "little about the affairs of the trust" and were "tractable" to the authority of the settlor, as president of the corporation; and the evidence indicated no "separate discretion" exercised by these business associates, as trustees.

Moreover, the Tax Court directs attention to the fact that the wife did not testify, but that other testimony showed that she made no independent contribution to the management of the trust, and that she merely acquiesced in the suggestions of her two co-trustees. As was stated by the Tax Court, the settlor's interest after the creation of the trust "still blended imperceptibly with his individual ownership," as before. The income from his business, conducted in corporate form, was still the means whereby he assured the support and maintenance of his family; and he still

controlled the business in actuality, even though, on the face of the trust indenture, he had parted with legal ownership.

█ The majority of the court is of opinion that in a family trust, just as in a husband and wife partnership as declared in Commissioner v. Tower, 66 S.Ct. 532, 538, decided February 25, 1946: "By the simple expedient of drawing up papers, single tax earnings cannot be divided into two tax units and surtaxes cannot be thus avoided." As pointed out in the opinion in the Tower case, transactions between husband and wife calculated to reduce family taxes should be subject always to special scrutiny; and earned income by one person is taxable to him, if given to another for the donor's satisfaction.

In the Tower case, the Supreme Court again applied the doctrine of Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248, and held that there was sufficient evidence to sustain the Tax Court's finding that the taxpayer and his wife did not intend to carry on business as a partnership, and that their intention in that respect was a question of fact. So, in the present case, the majority of the court concludes that there was ample evidence to sustain the Tax Court's finding that the trust income in controversy is taxable to the settlor, who set up a trust for the nominal benefit of his wife and two minor sons. There was ample evidence to justify the conclusion by the Tax Court that the trust document was drawn for the avoidance of surtaxes; and, thus, this case falls within the controlling principle of the Tower case.

It is conceded by the attorneys for the contending parties that in the event the decision of the Tax Court in Case No. 9884 should be affirmed, its decision in Case No. 9895 also should be affirmed.

Accordingly, the decision of the Tax Court in each of these cases is affirmed. From this decision Judge SIMONS dissents on the ground that since the trust indenture creates an irrevocable long-term trust with no reservation of control over the trust res and with no power of reverter, the trusts do not come within the doctrine of the Clifford case and the judgment in Case No. 9884 should be reversed.