FLOYD G. PAXTON AND GRACE D. PAXTON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6091–70. Filed February 15, 1972.

628

*Peter M. Lind* and *Richard Hunt*, for the petitioners.
*Harold E. Patterson*, for the respondent.

OPINION

DAWSON, *Judge:* Respondent determined a deficiency of $3,987.92 in petitioners' Federal income tax for the year 1967.

The parties have made certain concessions which can be given effect in the Rule 50 computation. The primary issue for decision is whether the F. G. Paxton Family Organization (a Trust) is a grantor trust under sections 671 through 677, I.R.C. 1954,[1] the income from which in 1967 is 86.38 percent taxable to petitioners, or whether it is a complex trust, the income from which is not taxable to petitioners. Alternatively, if the F. G. Paxton Family Organization (a Trust) is neither a grantor nor a complex trust, we must determine whether it is an association taxable as a corporation, the income from which in 1967 is 86.38 percent taxable to petitioners as constructive dividends.

All of the facts have been stipulated. The stipulation and supplemental stipulation, together with the exhibits attached thereto, are incorporated herein by reference and adopted as our findings. To the extent deemed pertinent the facts are summarized below.

Floyd G. Paxton and Grace D. Paxton (herein sometimes called petitioners) are husband and wife whose legal residence was Yakima, Wash., when they filed their petition in this proceeding. Petitioners filed a joint Federal income tax return for the calendar year 1967 with the district director of internal revenue at Tacoma, Wash.

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

During the period from April 1, 1967, to September 30, 1967, inclusive, petitioners owned 86.38 percent of the stock of Kwik-Lok Corp. (Yakima).

On August 3, 1967, F. G. Paxton, a petitioner, created the F. G. Paxton Family Organization (a Trust). Initially, the trustees were Lorne House, an employee of Kwik-Lok Corp. (Yakima), and Jerre Paxton, the son of F. G. Paxton. The following persons contributed the following assets to the trust on or about September 23, 1967:

#### FLOYD AND GRACE PAXTON

(a) 1,542 shares Kwik-Lok Corp. (Yakima) stock.
(b) 35 shares class A Kwik-Lok Corp. (New Haven) stock.
(c) 5 shares stock in Paxton Industries, Inc.
(d) 125 shares stock in Pacific Reserve Life Insurance Co.
(e) 200 shares stock in Landmark Engineering, Inc.
(f) 20 shares stock in Yakima Valley Turf Club.
(g) 20 bonds in Yakima Valley Turf Club.
(h) Residence and personal property therein.
(i) U.S. Patent No. 3,067,534.
(j) Note receivable in the amount of $8,500.

#### JERRE AND NANCY PAXTON

(a) 222 shares stock in Kwik-Lok Corp. (Yakima).

#### TED AND SHARON PAXTON

(a) 187 shares Kwik-Lok Corp. (Yakima).

#### PHIL AND WANDA CRAWFORD

(a) 20 shares stock in Kwik-Lok Corp. (Yakima).

On October 30, 1967, the petitioners leased back from the trust their former residence and household furniture.

Floyd G. Paxton is the grantor-creator of the trust. As stated above, Grace D. Paxton is his wife. Jerre Paxton is the son of Floyd G. and Grace D. Paxton, and Nancy Paxton is Jerre's wife. Ted Paxton is the son of Floyd G. and Grace D. Paxton, and Sharon is the wife of Ted Paxton. Phil Crawford, Jr., is the plant manager of Kwik-Lok Corp. (New Haven), a corporation controlled by Kwik-Lok Corp. (Yakima) all of the outstanding stock of which was owned by the F. G. Paxton Family Organization Trust as of September 30, 1967. Wanda Crawford is the wife of Phil Crawford, Jr.

Interests in the F. G. Paxton Family Organization (a Trust) were evidenced by documents entitled "Certificates of Interest." There was a total of 5,000 units of interest in the trust. On September 23, 1967, certificates of interest in the trust were issued to the following persons

in the following amounts in exchange for the assets they transferred to the trust:

| Certificate No. | Number of units | Owner |
| --- | --- | --- |
| 1 | 2,159½ | Floyd G. Paxton. |
| 2 | 2,159½ | Grace D. Paxton. |
| 3 | 192 | Jerre Paxton. |
| 4 | 192 | Nancy Paxton. |
| 5 | 129½ | Ted Paxton. |
| 6 | 129½ | Sharon Paxton. |
| 7 | 19 | Phil Crawford, Jr. |
| 8 | 19 | Wanda Crawford. |
| Total | 5,000 | |

Under the provisions of article Fifth of the declaration of trust the trustees of the F. G. Paxton Family Organization have the absolute power to revoke the trust and distribute the trust income and the corpus to the holders of the certificates of beneficial interest at any time for any reason without any restriction.

Under the provisions of article Ninth of the declaration of trust the trustees of the F. G. Paxton Family Organization have the absolute power to revoke the trust and distribute the trust assets to the certificate holders at any time for any reason.

Under the terms of articles Fifth and Ninth of the declaration of trust the trustees of the F. G. Paxton Family Organization have the absolute power to revest title to the trust property in the petitioners at any time and for any reason.

Although the stated life of the F. G. Paxton Family Organization is a period of 20 years, the trustees may extend or shorten its life.

The management of the F. G. Paxton Family Organization and its assets is centralized exclusively in the trustees.

The beneficial interests in the F. G. Paxton Family Organization are negotiable and freely transferable.

In his notice of deficiency dated June 17, 1970, sent to petitioners, the respondent determined that the grantors of the F. G. Paxton Family Organization were "taxable on the net income thereof for the period 10/1/67 to 12/31/67" because they granted a nonadverse party a power to revoke.

Section 676(a) of the Code provides that the grantor shall be treated as the owner of any portion of a trust where at any time the power to revest in the grantor title to such portion is exercisable by the grantor or a nonadverse party or both. The trust instrument here involved clearly grants the trustees the *power* to terminate the trust and revest title to the trust assets in the grantors. Initially, in 1967, there were two trustees appointed to manage the trust. The first or primary trustee was Jerre Paxton, the son of the grantors (petitioners), and the second

trustee was Lorne House, an employee of Kwik-Lok Corp. (Yakima). These trustees were given absolute discretion to manage the trust properties, engage in business, and the power to terminate the trust at any time that they in their discretion desired to do so, and revest title to the trust properties in the holders of the certificates of beneficial interest in proportion to the interests they held.

The crucial question confronting us is whether these trustees were "adverse" or "nonadverse" parties.[2] Lorne House has no beneficial interest in the trust, and a trustee is not an adverse party merely by being a trustee. See sec. 1.672(a)–1(a), Income Tax Regs.[3]; *Frease* v. *Commissioner*, 150 F.2d 403 (C.A. 6, 1945). It is plain that Lorne House is a nonadverse party. Jerre Paxton, the first trustee, has an interest in the trust which is equal to 3.84 percent. By the terms of the trust instrument he is entitled to share in the trust income when it is distributed and is entitled to 3.84 percent of the trust corpus when the trust is terminated. His share and the shares of the other beneficiaries cannot be altered by any act of the trustees or anyone else.

Petitioners contend that Jerre Paxton is an adverse party having a "substantial beneficial interest" in the trust which would be adversely affected by the exercise or nonexercise of his power. They argue that the value of his interest in relation to the total value of the trust property is not "insignificant." Respondent takes a contrary view on both points.

The question of adverse interest is essentially one of fact, which must be determined by considering in each case the particular interest created by the trust instrument and the relative size of that interest. Similarly, whether the particular interest, regardless of size, is of an adverse nature must be determined under the facts of each case. See

---

[2] SEC. 672. DEFINITIONS AND RULES.

(a) ADVERSE PARTY.—For purposes of this subpart, the term "adverse party" means any person having a substantial beneficial interest in the trust which would be adversely affected by the exercise or nonexercise of the power which he possesses respecting the trust. A person having a general power of appointment over the trust property shall be deemed to have a beneficial interest in the trust.

(b) NONADVERSE PARTY.—For purposes of this subpart, the term "nonadverse party" means any person who is not an adverse party.

[3] Sec. 1.672(a)–1 DEFINITION OF ADVERSE PARTY.

(a) Under section 672(a) an adverse party is defined as any person having a substantial beneficial interest in a trust which would be adversely affected by the exercise or nonexercise of a power which he possesses respecting the trust. A trustee is not an adverse party merely because of his interest as trustee. A person having a general power of appointment over the trust property is deemed to have a beneficial interest in the trust. An interest is a substantial interest if its value in relation to the total value of the property subject to the power is not insignificant.

(b) Ordinarily, a beneficiary will be an adverse party, but if his right to share in the income or corpus of a trust is limited to only a part, he may be an adverse party only as to that part. Thus, if A, B, C, and D are equal income beneficiaries of a trust and the grantor can revoke with A's consent, the grantor is treated as the owner of a portion which represents three-fourths of the trust; and items of income, deduction, and credit attributable to that portion are included in determining the tax of the grantor.

*D. G. McDonald Trust*, 19 T.C. 672, 690–692 (1953), aff'd. 225 F.2d 621 (C.A. 8, 1955), certiorari denied 350 U.S. 965; *Peter B. Barker*, 25 T.C. 1230 (1956).

In our judgment the facts herein demonstrate that Jerre Paxton is a nonadverse party. His interest in the trust, whether regarded as substantial or insignificant, would not be adversely affected by the exercise or nonexercise of the power he possesses with respect to the trust. Whether or not he exercises the power to terminate the trust and revest title in the property in the holders of the certificates of beneficial interest, his interest will not be changed or adversely affected. His 3.84-percent interest in the trust assets remains the same whenever the trust is terminated, if at all, and he may dispose of such interest at will by sale, gift, or devise. He would receive no more or no less by the exercise or nonexercise of the power. Nor is the interest of his parents, the petitioners, changed in any way by his exercise or nonexercise of the power to terminate the trust and revest title to the trust property in the grantors. Petitioners still retain an 86.38-percent interest in the trust assets. They too may deal with that interest the same as if it were still in their names. They can sell it; they can give it away; or they can pass it by descent to their heirs. *Samuel* v. *Commissioner*, 306 F. 2d 682 (C.A. 1, 1962), affirming 36 T.C. 641 (1961). Since all interests in the trust corpus remain the same and would not be adversely affected by Jerre Paxton's exercise or nonexercise of the power to terminate the trust, we conclude that he is not an adverse party. Thus, this situation falls squarely within the prohibition of section 676(a).

Jerre Paxton has no beneficial interest in that portion of the trust (86.38 percent) owned by his parents, the petitioners. This interest cannot be changed by any action of the trustees or either of them. It remains constant by virtue of the trust agreement. Consequently, the trustees, having no beneficial interest in such portion of the trust, do not meet the definition of an adverse party as set forth in section 672 (a), and must therefore be nonadverse parties as defined in section 672(b). Section 1.672(a)–1(b), Income Tax Regs., is illustrative of a similar situation. Where the beneficiary is limited to a share in a portion of the trust (3.84 percent here), he is adverse only as to that portion. *Laganas* v. *Commissioner*, 281 F.2d 731 (C.A. 1, 1960).

Under the circumstances we hold that the petitioners should be treated as the owners of 86.38 percent of the trust under section 676(a) and taxed on that percentage of the trust income for 1967 in accordance with section 671. See *Ralph L. Humphrey*, 39 T.C. 199 (1962).

There is a second ground for treating the petitioners as the owners of an 86.38-percent interest in the trust. Section 677(a) of the Code provides in part that the grantor shall be treated as the owner of any por-

tion of a trust whose income without the approval or consent of any adverse party is or, in the discretion of the grantor or a nonadverse party, or both, may be either (1) distributed to the grantor or (2) held or accumulated for future distribution to the grantor. While section 676 deals with the possible return to the grantor of the *corpus* of a trust, section 677 deals with the situation in which the *income* of a trust may be distributed to or used for the benefit of the grantor or accumulated for him. The two provisions complement each other in that they both attempt to tax to the grantor the income of a trust in which he has not surrendered substantially all interest and control. In their construction, therefore, the two sections are governed by similar considerations. See *Mary Ryerson Frost*, 38 B.T.A. 1402, 1404 (1938). Section 677 is not concerned with what is done under a trust agreement but with what *might* be done thereunder. The controlling statutory consideration is the existence of the described discretion, and not the way in which the discretion is actually exercised. *Samuel* v. *Commissioner, supra;* and *DeAmodio* v. *Commissioner*, 299 F.2d 623 (C.A. 3, 1962), affirming 34 T.C. 894 (1960).

The trust instrument in this case specifically provides that the income may be distributed to the holders of the certificates of beneficial interest in the trust, including the grantors (petitioners). The trustees, who are nonadverse parties to the petitioners, have the right in their sole discretion to distribute the income to petitioners and the other beneficiaries or hold it for future distribution to them. There was, in fact, a distribution of income to the grantor-petitioners on April 16, 1971, in proportion to their units of beneficial interest in the trust. Accordingly, the petitioners should be treated as the owners of 86.38 percent of the trust under the provisions of section 677 and taxed on that percentage of the income received from the trust in 1967. *Victor W. Krause*, 56 T.C. 1242 (1971), on appeal (C.A. 6); *Ralph L. Humphrey, supra.*

Having concluded that the F. G. Paxton Family Organization is a "grantor trust" under sections 671 through 677, it is unnecessary for us to consider respondent's alternative position that it is an association taxable as a corporation.

To reflect the concessions of the parties,

*Decision will be entered under Rule 50.*