**Inez DE AMODIO, Petitioner in No. 13740,**

**John Amodio (Marquis deAmodio), Petitioner in No. 13741,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Nos. 13740, 13741.**

United States Court of Appeals Third Circuit.

Argued Feb. 8, 1962.

Decided Feb. 21, 1962.

William W. Scott, Jr., Pittsburgh, Pa. (Lee W. Eckels, Thorp, Reed & Armstrong, Pittsburgh, Pa., on the brief), for petitioners on review.

Robert L. Waters, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen.,

Lee A. Jackson, Joseph Kovner, Attorneys, Department of Justice, Washington, D. C., on the brief), for respondent.

Before BIGGS, Chief Judge, and GOODRICH and McLAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

### I.

The first question in this litigation is whether the taxpayers, who are brother and sister, can, for the years 1953 and 1954, be taxed as individuals on the capital gains of a trust of which they are the sole beneficiaries. The Tax Court said that they could be so taxed; hence these appeals. 34 T.C. 894 (1960).

Inez DeAmodio and John Amodio are the sole beneficiaries of a trust set up by them in 1947.[1] Under the trust agreement the trustee had the power to determine whether money or property coming into his possession should be treated as corpus or income.[2] One-half the net income of the trust was payable to each of the taxpayers for life, payments to be made monthly. If one of the beneficiaries should die without leaving lawful issue, all interest in the corpus and income was to pass to the survivor. If the first to die left lawful issue, his or her share was to go to such issue. The trust could be amended or terminated at any time by the joint action of the beneficiaries. In 1953 the trust realized a net long-term capital gain of $33,018.68 and in 1954 a similar gain of $0.80.

The Tax Court decided that the Amodios were taxable as individuals on these long-term capital gains, placing its reliance on section 166 of the Internal Revenue Code of 1939, 26 U.S.C. § 166 (now Int.Rev.Code of 1954, § 676, 26 U.S.C. § 676). While we think the Tax Court was correct in this, we think there is equally good reason for resting the result on section 167(a)(2) of the 1939 Code (now Int.Rev.Code of 1954, § 677 (a)(1)). This section provides that the grantor is taxable on the income of a trust which may in the discretion of a nonadverse party be distributed to him. It is of no consequence that the income was not so distributed if, in fact, it could be.[3]

The trustee in this case is an independent nonadverse party. This is a Texas trust and under Texas law a trustee could, as provided in this trust instrument, distribute these capital gains to the beneficiaries.[4] We really do not see that there is anything more to the case on this point than what has just been said. It fits precisely into the words of the statute aided by the Texas law regulating trustee authority.

The conclusion of the Tax Court under section 166 is an equally sound ground for the result reached. The statutory provision is that where there exists the power, in the grantor alone or in conjunction with a nonadverse party, to revest in the grantor title to any part of the corpus of a trust the grantor will be taxable on the income of that part of

---

1. The history of the vesting of ownership of the so-called "Wainright Trust" prior to the time when these taxpayers became the sole beneficiaries, as related by the Tax Court, 34 T.C. at 895, is not relevant to the questions in this case.

2. Paragraph 5(i) of the trust agreement provided that the trustee should have power "to determine whether money or property coming into possession of the Trustee shall be treated as corpus or income, and to charge or apportion any expense or loss to corpus or income, as the Trustee may deem proper."

3. Section 167(a) of the 1939 Code provides, in part, that "where any part of the income of a trust * * * may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; * * * then such part of the income of the trust shall be included in computing the net income of the grantor."

4. See Trust Agreement, para. 5(i), note 2 supra; Vernon's Tex.Civ.Stat.Ann. art. 7425b—26; St. Mark's Episcopal Church, Mt. Pleasant, Tex. v. Lowry, 271 S.W.2d 681 (Tex.Civ.App.1954).

the trust.[5] When the powers of the beneficiaries of this trust, outlined above, are kept in mind, we think here again the case fits clearly within the provisions of the statute.

Much point is made on behalf of the taxpayers that these beneficiaries had interests adverse to each other. A long analysis is made of the First Circuit decision in Welch v. Bradley, 130 F.2d 109, 143 A.L.R. 1108 (1942). This the taxpayers say is distinguishable from their case. The Government, in addition to discussing the Bradley case, cites Cochran v. United States, 62 F.Supp. 872, 105 Ct.Cl. 628 (1945).

Both decisions have to do with the problem in this case. But rather than reading what a court did about someone else's trust, we think it better to concentrate our attention on the facts of this case. These two grantor-beneficiaries shared equally in the income. In the event that the first should die without issue the survivor took all. If the first to die did leave lawful issue then his share was to go to such issue. Amendments or termination of the trust could be effected by the joint action of both beneficiaries. If either one demanded a payment provided for from the trust corpus an equal amount was to go to the other. We cannot see how this brother and sister had interests adverse to each other so far as this trust was concerned. It seems to us, therefore, that the case is as perfect a section 166 example as it is of section 167.

## II.

The second question has to do only with John Amodio. He is domiciled in Switzerland but is subject to taxation in the United States because he was engaged, through agents, in the ownership and management of income-producing real property in this country. This is not disputed. Certain amounts were withheld by domestic withholding agents pursuant to section 1441 of the 1954 Code. There was also collected from him in Switzerland a tax on the income he derived from the United States activities.

With regard to the computations involving these amounts, we fail to understand what the fuss is about. The Commissioner's calculations and the taxpayer's calculations come out the same to the last cent. The jurisdiction of the federal courts is confined to cases and controversies and if the parties have no controversy as to the amount of this tax, we think we have no authority to discuss the matter.

The decisions of the Tax Court will be affirmed.

---

5. Section 166 of the 1939 Code provides, in part, that "where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested * * * in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, * * * then the income of such part of the trust shall be included in computing the net income of the grantor."