Lewis **SCHIMBERG**, Executor of the Estate of Anna H. Collins, Deceased, Plaintiff-Appellant,

v.

**UNITED STATES of America,** Defendant-Appellee.

No. 15251.

United States Court of Appeals Seventh Circuit.

July 12, 1966.

SWYGERT, Circuit Judge.

The plaintiff, Lewis Schimberg, the executor of the estate of Anna H. Collins, deceased, appeals from the partial dismissal of a claim for a refund of federal income taxes brought against the United States of America under 28 U.S.C. § 1346(a). The question presented concerns the validity of Treasury Regulations sections 1.652(c)–2 and 1.662 (c)–2, intended to implement sections 652 (c) and 662(c) of the Internal Revenue Code of 1954.[1]

The facts were stipulated. Anna H. Collins died on November 29, 1957. The plaintiff, as the executor of the estate, filed an income tax return for the decedent covering the period from January 1, 1957 to the date of death. The decedent was the sole income beneficiary of the Philip Henrici trust, which kept its books and filed its income tax returns for fiscal years beginning February 1 and ending January 31, and a forty per cent income beneficiary of the William M. Collins trust, which kept its books and filed tax returns for fiscal years beginning April 1 and ending March 31. The decedent kept her books and filed tax returns on the cash basis for calendar years.

In the decedent's final income tax return, the plaintiff included the following: (1) the decedent's distributive share of the income of the Henrici and Collins trusts for their fiscal years ending January 31, 1957 and March 31, 1957, respectively; (2) $27,621.69, that portion of the income from the Henrici trust for its fiscal year ending January 31, 1958 which was actually distributed to the decedent prior to her death; (3) $7,041.57, that portion of the income from the Collins trust for its fiscal year ending March 31, 1958 which was actually distributed to the decedent before her death.[2] The plaintiff subsequently

Lewis Schimberg, Joseph D. Block, Joel J. Sprayregen, Chicago, Ill., Aaron, Aaron, Schimberg & Hess, Chicago, Ill., of counsel, for appellant.

John B. Jones, Jr., Acting Asst. Atty. Gen., Tax Div., Marco Sonnenschein, Atty., Dept. of Justice, Washington, D. C., Edward V. Hanrahan, U. S. Atty., Chicago, Ill., Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before DUFFY and SWYGERT, Circuit Judges, and MAJOR, Senior Circuit Judge.

1. Since sections 652(c) and 662(c) and their corresponding regulations are substantially identical but for their respective application to simple and complex trusts, all reference will be based upon section 652(c).

2. Income from the Collins trust in the amount of $2,893.02 for its fiscal year ending March 31, 1958 which was paid to the decedent's estate following her death was included both in the decedent's final return and in the first return filed

sought a refund of the taxes attributable to the inclusion in the return of the amounts distributed to the decedent prior to her death which related to the fiscal years of the trusts ending after her death. The district court held that these amounts were properly included in the decedent's final return and dismissed that part of the claim. Schimberg v. United States, 245 F.Supp. 616 (N.D. Ill.1965).

■ The general rule that an individual taxpayer must report his income in the year that it is received is different as to income received by the beneficiary of a trust. Section 652(c) of the Internal Revenue Code provides that "[i]f the taxable year of a beneficiary is different from that of the trust, the amount which the beneficiary is required to include in gross income * * * shall be based upon the amount of income of the trust for any taxable year or years of the trust ending within or with his taxable year." The literal language of this "different taxable years" provision has been modified by the regulations in an attempt to resolve the anomaly arising when the death of the trust beneficiary presents a situation in which the taxable year of the trust will not end "within or with" the final taxable year of the beneficiary. In such cases Treasury Regulation section 1.652(c)–2 provides that the "gross income for the last taxable year of a beneficiary on the cash basis includes only income actually distributed to the beneficiary before his death" and that trust income distributed to the beneficiary's estate is to be included in the gross income of the estate as "income in respect of a decedent" under section 691 of the Internal Revenue Code.

■■ The plaintiff concedes the applicability of the regulations but con-tends, drawing support from commentators,[3] that they are invalid because the Commissioner is without power to depart from a literal reading of section 652(c). He argues that the statute permits a beneficiary to be taxed on trust income only when the taxable year of the trust ends within or with the beneficiary's taxable year, that the statute does not authorize a different rule in the event of the death of the beneficiary, and that therefore all trust income attributable to the taxable year of a trust not ending within or with the beneficiary's last taxable year must be reported as income by the beneficiary's estate. We do not agree. The problem resolved by the regulations in question, the treatment of trust income actually received by a cash basis beneficiary prior to his death, is either one not contemplated by the statute or one as to which the application of the statute is unclear, given the general Congressional policy with respect to the time and incidence of income taxation. In such a case the regulations must be sustained unless they are unreasonable. Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U.S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831 (1948). As the district judge commented, "It is difficult to find oppressive a regulation which attempts only to impose tax liability on income the taxpayer has actually received and enjoyed prior to the taxing date."[4]

■ The plaintiff maintains that the regulations are unreasonable because they permit "bunching" of more than twelve months' trust income in the decedent's final return. He also notes that the regulations do not afford deceased trust beneficiaries the same tax treatment extended to a deceased partner's share of partnership income in the year

by her estate. No issue as to this income is presented. The Government conceded the plaintiff's right to recover taxes attributable to the inclusion of this income in the decedent's final return and the district court entered judgment therefor.

3. Somers, Some Income Tax Problems Incident to the Termination of a Trust, 14 Tax L.Rev. 85, 99–100 (1958); Winton, Income Taxation of Trusts and Estates— The Proposed Regulations, N.Y.U. 15th Inst. on Fed.Tax 979, 991 (1957).

4. Schimberg v. United States, 245 F.Supp. 616, 619 (N.D.Ill.1965).

of the partner's death, in that the rule applicable to partnerships avoids "bunching" in the final return of a deceased partner.[5] Insofar as a "bunching" hardship may be permitted by the regulations, however, it should be noted that "bunching" generally occurs as a result of the trust having adopted a fiscal tax year, which may well have given the beneficiary the advantage of postponing the reporting of trust income for several months over a period of years. And again, the restriction of "bunching" to trust income actually received prior to the beneficiary's death militates against the alleged hardship. As to the objection regarding partners, if, as is doubtful, it is necessary to justify the difference in treatment, the treatment afforded a deceased partner's share of partnership income is the product of a conceptually different legal relationship with respect to the time at which "income" is received by a partner and also of specific Congressional action. The district judge's opinion adequately traces the unique problems of reporting partnership income and the series of decisions that prompted Congress "to finally alleviate the burdens of bunched income, as it affected partnerships" by adding section 706(c) to the Internal Revenue Code.

The decision of the district court is affirmed.

MAJOR, Senior Circuit Judge (dissenting).

In my judgment, under the plain, unambiguous language of the statutory provisions involved, the taxpayer should prevail. The Treasury Regulations relied upon should not be sustained on the pretext that they are no more than a permissible interpretation or construction of such provisions. The government in its brief states, "Certainly, Congress did not intend any income from a trust should escape taxation unless definitely exempted." The point is that the income in the instant case was by statute "definitely exempted," and it is only by reason of the Treasury Regulations that it was "definitely" required to be reported. The government continues, "Obviously, the trust income herein is not definitely exempted and therefore will have to be reported some place in order that it be subjected to tax." So, based on the premise that it should be reported someplace and being unable to find any place provided by Congress, the Commissioner promulgates the regulations contrary to the statutory provisions. This must be a novel approach in seeking to justify the regulations.

In June 1956, at the time the regulations were proposed, the Section of Taxation of the American Bar Association, through its committee on the Taxation of Estates and Trusts, transmitted to the Commissioner its comments on the proposed regulations. Inasmuch as I thoroughly agree with the views therein expressed, I take the liberty of quoting in part as follows:

"Sections 652(c) and 662(c) unequivocally provide that, if the taxable year of the beneficiary is different from that of the trust, the amount which the beneficiary includes in gross income 'shall be based upon the amount of income of the trust for any taxable year or years of the trust ending within or with his taxable year.' There are no exceptions in the statute. Thus, since the taxable year of the beneficiary will end with his death, he should include nothing under the statute with respect to any year of the trust which ends after his death. The regulations contain the statement that Sections

---

5. Int.Rev.Code of 1954, § 706(a) provides in part:
In computing the taxable income of a partner for a taxable year, the inclusions required * * * with respect to a partnership shall be based on the income * * * of the partnership ending within or with the taxable year of the partner.

Treas.Reg. § 1.706–1(c) (3) (ii) provides in part:
The distributive share of partnership taxable income for a partnership taxable year ending after the decedent's last taxable year is includible in the return of his estate or other successor in interest.

652(c) and 662(c) of the Code do not apply to amounts paid to the beneficiary during the taxable year of the trust in which he dies. There is absolutely no statutory justification for this statement."

The same committee included in its comments the further pertinent observation:

"Furthermore, the rule which the regulations purport to set forth with no statutory justification can result in the bunching of income in the final taxable year of the beneficiary. For example, let us assume that the beneficiary is on a calendar year and that the trust is on an January 31 fiscal year. The beneficiary dies on December 1, 1956. The regulations would require that the beneficiary's last tax return include all of the income from the trust for its fiscal year 1956, plus the income of the trust payable to the beneficiary for the period from February 1, 1956 to December 1, 1956. This result is most unjust and is completely contrary to the statute."

I would reverse the judgment.