ESTATE of John E. MORRIS, Deceased.

John M. MORRIS et al., Appellees,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellant.

No. 71–1624.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 30, 1971.

Decided Jan. 12, 1972.

John A. Townsend, Atty., Tax Division, Dept. of Justice (Fred B. Ugast, Acting Asst. Atty. Gen., Meyer Roth-wacks, Thomas L. Stapleton, Attys., Tax Division, Dept. of Justice, on the brief), for appellant.

Edward S. Smith, Washington, D. C. (Lawrence M. Katz, and Piper & Marbury, Baltimore, Md. on the brief), for appellees.

Before SOBELOFF, Senior Circuit Judge, and CRAVEN and FIELD, Circuit Judges.

PER CURIAM:

The Commissioner of Internal Revenue claims a deficiency in the income tax of John E. Morris ("Taxpayer") in the amount of $35,115.10 for the year 1964. The Tax Court, with four judges dissenting, held that no deficiency existed, and this is the Government's appeal.

The Tax Court in this case, 55 T.C. 636 (1971), and the Third Circuit in In re Goodman's Estate, 199 F.2d 895 (1952), have so thoroughly canvassed the issue that it will suffice here to give a brief summary without retreading the same ground.

The facts were stipulated below and are not in issue. Taxpayer and his wife owned certain improved real property on Calvert Street in Salisbury, Maryland ("Calvert Street Property") which was leased to a corporation they owned. The corporation was in the business of the wholesale distribution of plumbing and heating supplies. The Salisbury city authorities condemned this property pursuant to a proposed "Central Business District Revitalization Plan" and, prior to payment of the condemnation award, Taxpayer and his wife purchased a parcel of land ("Replacement Property") to replace the condemned Calvert Street Property. The Morris' also entered into negotiations with a general contractor to clear the Replacement Property and to erect new structures that would enable Taxpayer and his wife to carry on the business previously conducted in the Calvert Street Property. After payment of the condemnation award was made but before a formal contract with the general contractor was entered into, Taxpayer died suddenly.

Taxpayer's will was admitted to probate. His three sons, who were both executors under the will and co-trustees under a residuary trust, petitioned the probate court to have Taxpayer's interest in the Replacement Property and the condemnation proceeds transferred to them in their capacity as trustees. The stated reason for this request was that this would enable them to proceed with the building plans "in the same manner and on the same basis as the deceased and his family had started and intended to continue except for his death." The probate court granted the request and the sons thereupon entered into a written contract for the replacement of the facilities as the Taxpayer had contemplated. Even before the contract was signed, substantial work on the Replacement Property had already been done.

Taxpayer's executors and his widow filed a joint tax return covering the portion of the year Taxpayer survived in 1964. In that return, both the executors, on behalf of the deceased, and the widow elected not to recognize their respective shares of the gain realized on the condemnation of the Calvert Street Property. See section 1033(a) Internal Revenue Code of 1954. They grounded their election on the fact that the proceeds from the condemnation had since been converted into property "similar or related in service or use"—the Replacement Property. The Commissioner denied nonrecognition with respect to decedent's share of the gain, asserting as a reason that the replacement of the Calvert Street Property had not been made by the Taxpayer himself but by a separate tax entity—the co-trustees under his will.

The Tax Court held that it made no difference that the Taxpayer's trustees completed the replacement which was started by the Taxpayer. Since the trustees were "acting on behalf of the deceased," their finishing what the Taxpayer had started was sufficient to qualify the Taxpayer's estate for nonrecognition as provided in Section 1033. *See*

In Re Goodman's Estate, 199 F.2d 895 (3 Cir. 1952).

We are in full agreement with the result reached by the Tax Court majority. It is true, as the Commissioner suggests, that the coincidence of the replacement of the condemned property and Taxpayer's death may raise future problems as to the correct basis for the Replacement Property in the hands of the trustees. As stated by the Tax Court, those problems are not involved in the present case and we decline to speculate concerning their resolution. The mere suggestion of future difficulties is not enough to deprive Taxpayer of benefits Congress has seen fit to bestow under section 1033(a).

Affirmed.