WILLIAM SCHEFT AND GERTRUDE SCHEFT, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 381–71. Filed December 18, 1972.

*Arnold R. Cutler* and *David R. Andelman*, for the petitioners.
*Joel Gerber* and *Edward De Franceschi*, for the respondent.

#### OPINION

FEATHERSTON, *Judge:* Respondent determined a deficiency in petitioners' income tax for 1968 in the amount of $103,184. The only issue is whether sections 451(a) and 671 [1] require the capital gains realized on the sales of property which had been placed in trust by petitioner William Scheft to be included in his income for the taxable year (1968) in which the property was sold or in the following year (1969) during which the fiscal year of the trusts ended.

William Scheft (hereinafter petitioner) and Gertrude Scheft, husband and wife, filed a joint Federal income tax return for 1968 with the district director of internal revenue, Boston, Mass. They were legal residents of Beverly, Mass., at the time they filed their petition. Gertrude Scheft is a petitioner herein only by reason of having filed a joint return with her husband.

On November 22, 1966, petitioner, as donor, and his wife and a third party, as trustees, executed six trust agreements. Each instru-

---

[1] All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.

ment named as a beneficiary one of petitioner's six children. The terms of all the trust instruments are substantially the same.

Paragraph B of each trust instrument provides that the trustees may distribute annually the net income of the trust to a designated beneficiary. However, the trustees "may in their discretion withhold any and all payments of income" and "may accumulate such income and use it in subsequent years" for purposes that would benefit the beneficiary. Any undistributed income at the termination of each trust is to be paid to its beneficiary or, if he is deceased, to his estate. These provisions do not refer to capital gains.

Paragraph D of each trust instrument specifies that the trust shall terminate on a stated date, the earliest date being December 31, 1976, and the latest being December 31, 1981, or upon the death of the beneficiary, if he dies before the specified date. Upon such termination, "the principal of the trust shall be paid over to the Donor if he is then living, and if he is not living, to his estate." The effect of paragraphs B and D, read together, is to permit the life beneficiaries to receive all the ordinary income but to provide for the capital gains to be accumulated for distribution to petitioner upon termination of the trusts.

Petitioner reports his income using a calendar year. Each of the six trusts reports its income using a fiscal year ending March 31. During the calendar year 1968, but within the trusts' fiscal year ending March 31, 1969, the trustees of the six trusts sold stocks and debentures in transactions which produced net long-term capital gains in the total amount of $383,943. Petitioner has agreed that he is taxable under section 677(a) (2) [2] on the capital gains realized on these sales. This concession and a stipulation that the amount of the total capital gain shown in the statutory notice is not in dispute narrow the controversy to the issue, stated above, whether the trusts' gains are taxable to petitioner in 1968 or 1969.

We hold the gains are taxable in 1968 when the property was sold. We think this conclusion is required by the language of sections 451(a) 671, and 677(a)(2) and the accompanying interpretative regulations, particularly when read in the light of related provisions prescribing the general scheme for the taxation of trust income.

The rules for computing the amounts of trust income which are taxable to fiduciaries and beneficiaries in the ordinary trust situation are set forth in subparts A through D, part I, subchapter J, of the

---

[2] SEC. 677. INCOME FOR BENEFIT OF GRANTOR.

(a) GENERAL RULE.—The grantor shall be treated as the owner of any portion of a trust, whether or not he is treated as such owner under section 674, whose income without the approval or consent of any adverse party is, or, in the discretion of the grantor or a nonadverse party, or both, may be—

\*      \*      \*      \*      \*      \*      \*

(2) held or accumulated for future distribution to the grantor; or

income tax provisions of the Code. Under these rules, a trust is regarded as both a separate taxable entity and a conduit through which income flows to its beneficiary. Income which is accumulated for future distribution is ordinarily taxed to the fiduciary. Sec. 641(b). However, to the extent of the distributable net income of the trust, the fiduciary is allowed deductions for income which is currently distributed or properly credited to the beneficiary, sec. 661(a), and the beneficiary includes in his taxable income the amounts so distributed or credited, sec. 662(a). In making the necessary computations, the income of the trust is determined for its taxable year in accordance with its method of accounting without regard to the accounting period or method of the beneficiary. Sec. 1.662(c)-1, Income Tax Regs.

Where the taxable year of a "beneficiary" is different from that of the trust, section 662(c) provides that the amount to be included in the gross income of the beneficiary shall be based upon (1) the distributable net income of the trust, and (2) the amounts properly paid, credited, or required to be distributed during the taxable year of the trust ending within the beneficiary's taxable year. See also sec. 652(c). Thus, if the capital gains here in dispute were regarded as income taxable to a "beneficiary" under subparts A through D, they would be taxable in 1969 as contended by petitioner.

However, section 677(a)(2), the provision which both parties agree causes the capital gains to be taxed to petitioner, is not part of subparts A through D but is one of the so-called grantor trust provisions in subpart E, part I, of subchapter J. This subpart enunciates the rules to be applied where, in described circumstances,[3] a grantor has transferred property to a trust but has not parted with complete dominion and control over the property or the income which it produces. S. Rept. No. 1622, to accompany H.R. 8300 (Pub. L. No. 591), 83d Cong., 2d Sess., p. 86 (1954). In such circumstances, prior to the grantor's transfer to a trust of his own creation, he owns the property, is entitled to its income, and is liable for taxes on that income. Where the grantor makes a formal but incomplete transfer of that property in trust, retaining the enjoyment of the fruits of

---

[3] Subpart E, in the form in which it was effective in the tax year, covers those situations in general where the grantor has retained a reversionary interest (sec. 673) or the grantor or a nonadverse party has certain powers over beneficial interests (sec. 674), certain administrative powers over the trust (sec. 675), power to revoke the trust (sec. 676), or power to distribute the income to or for the benefit of the grantor (sec. 677). The subpart includes a revised version, in secs. 673-675, of the so-called Clifford regulations (*Helvering* v. *Clifford*, 309 U.S. 331 (1940); Regs. 118, sec. 39.22(a)-21) and, in secs. 676 and 677, a revision of 1939 Code secs. 166 and 167. In addition, the subpart includes a codification, in sec. 678, of the so-called Mallinckrodt regulations (*Mallinckrodt* v. *Nunan*, 146 F. 2d 1 (C.A. 8, 1945), affirming 2 T.C. 1128 (1943), certiorari denied 324 U.S. 871 (1945); Regs. 118, sec. 39.22(a)-22).

ownership through the power to control or receive the income or reacquire the corpus, subpart E provides, in substance, that the transfer of legal title is to be disregarded insofar as such enjoyment has been retained. See *Kent* v. *United States*, 60 F. Supp. 203, 210 (Ct. Cl. 1945). The obvious purpose is to prevent the use of a temporary or incomplete transfer in trust as a means of tax avoidance. *Crane* v. *Commissioner*, 368 F. 2d 800, 802 (C.A. 1, 1966), affirming 45 T.C. 397 (1966); *Kent* v. *Rothensies*, 120 F. 2d 476, 478 (C.A. 3, 1941).

Thus, sections 673 through 677 of that subpart each provides that where a grantor retains rights or powers over a portion of a trust in the manner therein described, he shall be "treated as the owner" of that "portion" of the trust. This includes the situations covered by section 677(a)(2), as in the instant case, where the capital gains or other income may be accumulated for the grantor's benefit. See *Archbishop Samuel Trust*, 36 T.C. 641, 650–651 (1961), affd. 306 F. 2d 682 (C.A. 1, 1962); *Ralph L. Humphrey*, 39 T.C. 199, 202–203 (1962). When the grantor is so treated, section 671 [4] provides that in computing the grantor's taxable income there shall be included the "items of income, deductions, and credits against tax of the trust which are attributable to that portion of the trust." And section 1.671–2(c), Income Tax Regs., further provides that: "An item of income, deduction, or credit included in computing the taxable income and credits of a grantor * * * under section 671 *is treated as if it had been received or paid directly by the grantor.*" (Emphasis added.)

Significantly, the inclusion in the grantor's taxable income under section 671 is not keyed to the trust's gross, net, or distributable income. Rather, the inclusion is in terms of the "items" of income and the "items" of deductions attributable to the portion of the trust of which the grantor is treated as the owner. And those items are to be taken into account to the same extent they would be "in computing taxable income * * * of an individual." This means that the trust is to be ignored in computing the taxable income from the grantor's portion of the trust, and the section expressly provides that: "Any

[4] SEC. 671. TRUST INCOME, DEDUCTIONS, AND CREDITS ATTRIBUTABLE TO GRANTORS AND OTHERS AS SUBSTANTIAL OWNERS.

Where it is specified in this subpart that the grantor or another person shall be treated as the owner of any portion of a trust, there shall then be included in computing the taxable income and credits of the grantor or the other person those items of income, deductions, and credits against tax of the trust which are attributable to that portion of the trust to the extent that such items would be taken into account under this chapter in computing taxable income or credits against the tax of an individual. Any remaining portion of the trust shall be subject to subparts A through D. * * *

remaining portion of the trust shall be subject to subparts A through D." [5]

The effect of subpart E was explained by this Court in *Inez de Amodio*, 34 T.C. 894, 902 (1960), affd. 299 F. 2d 623 (C.A. 3, 1962), where the grantors were treated as the owners of the capital gain portion of the trust under section 676 (as well as section 677). The Court said that in such circumstances, the grantors "should be treated under the cited provisions of law as * * * [owners] of the property constituting the corpus, the trust should be disregarded as a separate entity and the capital gains and losses of the trust treated as gains and losses of the * * * [grantors]." See also *Welch* v. *Bradley*, 130 F. 2d 109, 114 (C.A. 1, 1942), certiorari denied 317 U.S. 685 (1942); S. Rept. No. 1622, to accompany H.R. 8300 (Pub. L. No. 591), 83d Cong., 2d Sess., pp. 364–365 (1954).

Accordingly, in the case of a trust falling within both subparts A through D *and* subpart E, the gross income and deductions are segregated into two categories: (1) Items which are taken into account in computing the grantor's taxable income by reason of his being treated as owner of all or a portion of the trust under subpart E, and (2) the income taxed to the fiduciary or the beneficiary under subparts A through D. This segregation is carried forward to the trust's income tax return pursuant to section 1.671–4, Income Tax Regs., which provides that any items of income, deduction, and credit attributable to the grantor should not be reported in the trust's fiduciary return but should be shown on a separate statement attached to the return.

The absence from subpart E of a provision comparable with section 662(c), discussed above, specifying when income is to be reported by the grantor in case his taxable year and that of the trust do not coincide, is consistent with the scheme of treating the grantor as the "owner" of a portion of the trust. Since the trust is disregarded to the extent possible and the grantor is taxed on the income as if he received it directly, the general rule of section 451(a) [6] governs the year of the

---

[5] In S. Rept. No. 1622, to accompany H.R. 8300 (Pub. L. No. 591), 83d Cong., 2d Sess., p. 340 (1954), the statutory scheme was explained as follows:

"The tax imposed on the taxable income of the * * * trust must be paid by the fiduciary. However, where the grantor is treated as the substantial owner, under subpart E, of any portion of the property held in trust by reason of his powers of dominion and control over the trust property, as to that portion the gross income therefrom must be included in the gross income of the grantor and there shall be allowed to the grantor the items of statutory deductions and credits attributable to such income to which he would have been entitled had the trust not been created.* * *"

[6] SEC. 451. GENERAL RULE FOR TAXABLE YEAR OF INCLUSION.

(a) GENERAL RULE.—The amount of any item of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under the method of accounting used in computing taxable income, such amount is to be properly accounted for as of a different period.

inclusion in the grantor's taxable income. In pertinent part, that section provides that: "The amount of any item of gross income shall be included in the gross income for the taxable year in which received by the taxpayer." This means that the gains here in dispute are taxable to petitioner in 1968, when they were realized from the sales of property, rather than in 1969, when the trusts' fiscal year ended.[7]

While the direct issue here presented has not been decided previously, we think our conclusion is compelled not only by the statutory language and the regulations but also by the underlying rationale of the above-cited cases[8] applying various sections, or their predecessors, of subpart E.

Petitioner cites the special provisions of sections 677(b) and 678(c) in support of an argument that where the grantor is treated as the owner of a portion of a trust, he should be treated as a "beneficiary" for the purpose of determining the taxable year of income inclusion.[9] Under this reasoning, section 662(c), discussed above, would control. We must reject this argument. Indeed, if any implication bearing on the present case is to be drawn from those sections, we think it supports our conclusion.

Section 677(b) refers to trust income which, in the discretion of the trustee, may be used to support a beneficiary whom the grantor is

---

[7] The administrative position of the Internal Revenue Service was stated in Rev. Rul. 57-390, 1957-2 C.B. 326, as follows:

"A calendar year corporation, using the accrual method of accounting, is the grantor of a revocable trust which is on a fiscal year basis and uses the cash method of accounting. *Held*, since the grantor-corporation has the power to revoke the trust within the meaning of section 676 of the Internal Revenue Code of 1954, in computing its taxable income it is required, under the provisions of section 671 of the Code, to include the gross income from all the trust properties. *Held further*, the taxable year of, and the method of accounting used by, the trust should be disregarded, and the gross income from the trust properties must be determined by the grantor-corporation as if the trust had not been created. See section 1.671-3(a)(1) of the Income Tax Regulations."

f. also Rev. Rul. 58-242, 1958-1 C.B. 251; Rev. Rul. 66-161, 1966-1 C.B. 164.

[8] Although some of the cited cases involve sections other than sec. 677, or their predecessors, of subpart E, the same reasoning underlies the operation of all sections of subpart E, insofar as here pertinent. The definitional sections (secs. 673-678) contained in subpart E serve only to describe the circumstances in which the grantor or other person "shall be treated as the owner" of a "portion" of the trust. They contain no provision taxing the grantor on the income attributable to the "owned" portion of the trust. Instead, the operative rules for secs. 673-678 are consolidated in sec. 671. Thus, the reasoning of the opinions dealing with the taxation of revocable trusts under sec. 676 is applicable to the taxation of trusts of which the grantor has retained the right to the income within the meaning of sec. 677. See *Samuel* v. *Commissioner*, 306 F. 2d 682, 689 (C.A. 1, 1962), arising under sec. 677, where reliance was placed on *Welch* v. *Bradley*, 130 F. 2d 109 (C.A. 1, 1942), certiorari denied 317 U.S. 685 (1942), involving the predecessor of sec. 676. If it were otherwise, the language of sec. 671 would be endowed with a chameleon-like property which we do not think Congress ever intended.

[9] Petitioner also analogizes subpart E to sec. 706(a) (partnerships), sec. 1373(b) (electing small business corporations), and sec. 995(b)(1) (domestic international sales corporations), all of which give effect to the taxable year of the particular entity in computing the individual's taxable income. His reasoning overlooks a crucial difference. The cited sections all specifically provide that effect will be given to the entity's taxable year whereas subpart E does not.

obligated to support. Similarly, section 678(c) deals with powers over trust income which may be used to discharge a support obligation owing by a person other than a grantor. Under both sections, the grantor or other person is taxed on only the amounts actually so used, and the rules of sections 661 and 662 apply only in cases where the amounts are paid out of corpus or out of other than income for the taxable year. That Congress thought it necessary to specify that section 662 should apply in these particular circumstances implies that the section is not applicable with respect to subpart E generally. Otherwise, the reference to section 662 is redundant, and courts ordinarily will not construe a statute to make it redundant, absent a clear legislative purpose to the contrary. *Singer* v. *United States*, 323 U.S. 338, 344 (1945); *Supreme Investment Corp.* v. *United States*, 468 F. 2d 370, (C.A. 5, 1972). Of the grantors and other persons described in sections 673 through 678, we think Congress intended only those described in sections 677(b) and 678(c) to be treated as beneficiaries under section 662. See sec. 1.643(c)–1 (b) and (c), Income Tax Regs.

Petitioner also presents a lengthy argument in which he analogizes his case to the situation where the portion of the trust treated as owned by the grantor consists of an undivided fractional interest in the trust or an interest represented by a dollar amount. Petitioner concedes that where the grantor is treated as the owner of the entire corpus (sec. 1.671–3(a)(1), Income Tax Regs.) or of specific trust property and its income (sec. 1.671–3(a)(2), Income Tax Regs.), the grantor may be taxed as if the trust had not been created. However, where the grantor is treated as owner of only an undivided fractional interest or a specified dollar amount (sec. 1.671–3(a)(3), Income Tax Regs.),[10] he contends that it would be impossible to determine the amount of the items of income and deductions attributable to the grantor's portion of the trust without utilizing the fiscal year of the trust. On this ground, he argues that the fiscal year of the trust must be used here (thereby effectuating a deferral of the disputed gains from 1968 to 1969).

The language of subpart E simply will not support any distinction which will aid petitioner in this case. In each of sections 673 through 677, it is provided that the grantor "shall be treated as the owner of any portion of a trust" in respect of which he has the particularly

---

[10] The regulations are too prolix for reproduction here. Moreover, they are not addressed to the fiscal-calendar year problem. Since the allocation formula of the regulation (sec. 1.671–3(a)(3), Income Tax Regs.) is addressed primarily to the determination of the tax liability of the grantor, we think the reference therein to "the taxable year in question" is to that of the grantor rather than of the trust.

defined right or interest. Section 671 provides that where it has specified in subpart E that the grantor "shall be treated as the owner of any portion of a trust," he shall take into account the items of income, deductions, and credits attributable to that portion. These statutory provisions provide no basis for distinguishing between situations where the grantor's portion is the entire corpus, specific property, a fractional interest, or a stated dollar amount. By reason of these provisions (specifically sections 671 and 677(a)(2) in this case), petitioner's right to the capital gains causes him to be taxed on those gains as if he owned the corpus outright. None of the complicated allocation problems which petitioner foresees under the cited regulation (sec. 1.671–3(a)(3), Income Tax Regs.) is presented here. Indeed, he concedes the accuracy of respondent's computations in every respect except his failure to give effect to the trusts' fiscal year.

In disposing of the present case, we need not hypothesize how the allocation of income, deductions, and credits should be made in a situation where the grantor is entitled to only a fraction or stated amount of the trust income and the taxable years of the trust and the grantor do not coincide. We do not have that problem before us. In any event, we do not think the problems, real or fancied, under that regulation are so insuperable as to permit us in this case to ignore the plain language of sections 671 and 677(a)(2) as well as the entire rationale of subpart E. [11]

In summary, because of petitioner's retained right to receive ultimately the capital gains realized on the sales of the property in trust, section 677(a)(2) requires petitioner to be "treated as the owner" of that portion of each of the trusts. In computing his taxable income, he is required by section 671 to include the items of capital gains which are attributable to that portion. And each such item, according to section 1.671–2(c), Income Tax Regs., "is treated as if it had been received * * * directly by the grantor." We hold that these provisions can be given their intended meaning and effect in the instant case only if the trust entity is disregarded in determining the year in which the capital gains are taxable and such gains are taxed to petitioner in 1968, the year in which they were realized.

*Decision will be entered for the respondent.*

---

[11] The statute (sec. 441) permits a trust to select a fiscal year for tax-accounting purposes. However, the courts have noted some of the problems which flow from the adoption of a fiscal year and have adopted practical solutions to those problems even though such solutions may involve departures from well-settled principles of tax law. See, e.g., *Schimberg* v. *United States*, 365 F. 2d 70 (C.A. 7, 1966).