ESTATE OF HARRY A. GREGG, HUGH GREGG, EXECUTOR, AND
HARRIETT H. GREGG, PETITIONERS v. COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 5580–76.     Filed December 12, 1977.

*Robert J. McDonough,* for the petitioners.
*Barry J. Laterman,* for the respondent.

### OPINION

TIETJENS, *Judge:* Respondent has determined a deficiency in petitioners' Federal income tax in the amount of $227,948. The issue is whether the replacement of condemned property after the death of the grantor of a grantor trust may qualify for nonrecognition treatment under section 1033.

This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference.

Petitioners Harriett H. Gregg, and Hugh Gregg, executor of the Estate of Harry A. Gregg, timely filed a joint Federal income tax return with the Director of the Internal Revenue Service Center in Andover, Mass. When they filed their petition herein, Harriett H. Gregg resided in Greenfield, N. H., and Hugh Gregg resided in Nashua, N. H.

Prior to his death, Harry A. Gregg was married to petitioner Harriett Gregg.

On September 1, 1965, Harry A. Gregg established a revocable trust. He appointed his son, Hugh Gregg, trustee, and funded the trust with certain real property located in Sarasota, Fla. The trust agreement provided the grantor with income for life and

the power to revoke the trust at any time. Upon revocation, the grantor would reacquire the remaining trust corpus. After the grantor's death, the income was to be paid to certain beneficiaries (the grantor's grandchildren or, in the event of a failure of issue, another unrelated beneficiary) for a term of 15 years. At the end of the term, the trust corpus was to be distributed to the beneficiaries. Because he retained a power to revoke the trust and revest title to the trust corpus in himself, the grantor considered himself to be the owner of the trust corpus for Federal income tax purposes. See sec. 676(a).[1]

On March 11, 1971, the County of Sarasota, Fla., condemned the trust's real property and awarded the trust $1,810,446 as compensation for the taking. This resulted in a gain of $1,779,006. The gain was reported, but was not recognized. The trust instead elected on its 1971 Form 1041 the nonrecognition benefits of section 1033. In order to qualify for those benefits, the trust proceeded to purchase other property with the condemnation proceeds. Thus, between March 11, 1971, and January 2, 1972, the trust reinvested $1,046,010 of the proceeds in qualifying property.

Before the trust completed its reinvestment plans, however, the grantor Harry A. Gregg died. His will was duly probated, and Hugh Gregg, the decedent's son and trustee of the revocable trust, was appointed executor of his father's estate. As trustee, Hugh Gregg continued the trust's reinvestment plans notwithstanding the grantor's untimely death. Thus, between January 2, 1972, the date of the grantor's death, and December 31, 1973, the date on which purchases would last qualify for nonrecognition treatment under section 1033, the trust reinvested another $732,996 of the proceeds in qualifying property. As executor, Hugh Gregg timely filed a joint Federal income tax return for 1971 with the decedent's surviving spouse, petitioner Harriett Gregg. On that return, petitioners have claimed nonrecognition treatment under section 1033 for the entire gain realized upon the condemnation award.

It has been stipulated that all property purchased with the condemnation proceeds was similar or related in service or use to the condemned property. See sec. 1033(g). The only issue is

---

[1]Unless otherwise stated, all section references are to the Internal Revenue Code of 1954, as in effect for the taxable year in issue.

whether purchases made after the grantor's death qualify for nonrecognition treatment under section 1033.

Respondent contends that the grantor, not the trustee, was the taxpayer for purposes of section 1033. Because replacement of converted property under section 1033 must be made by the taxpayer personally, only that portion of the proceeds actually reinvested before the grantor's death is entitled to nonrecognition treatment. Thus respondent argues that replacement cannot be made by another on behalf of the taxpayer. Alternatively, respondent contends that the purchases made after the grantor's death were not made on his behalf; only executors or testamentary trustees can act on behalf of the decedent. Petitioners contend simply that all the requisites of section 1033 have been met, allowing nonrecognition for all replacements made both before and after the grantor's death. Petitioners emphasize that legal title to the trust corpus never changed hands; the trustee held title both before and after the grantor's death. Thus they argue that the trustee was the taxpayer for purposes of section 1033. Alternatively, they argue that the purchases made after the grantor's death were merely a completion of his replacement plans and were, therefore, made on his behalf.

Generally, the grantor is treated as the owner of any portion of a trust where at any time the power to revest in the grantor title to such portion is exercisable by the grantor or a nonadverse party or both. Sec. 676(a); sec. 1.676(a)–1, Income Tax Regs. Where the grantor is thus treated as the owner of any portion of the trust, those items of income, deductions, and credits attributable to the grantor's portion of the trust are included directly by the grantor in computing his taxable income and credits. Sec. 671; see sec. 1.671–2(c), Income Tax Regs. And those items are taken into account by the grantor only to the extent that they would be considered in computing the grantor's taxable income and credits *individually*. S. Rept. 1622, 83d Cong., 2d Sess. 364 (1954). If, for example, a portion of the trust income is paid to a charity, such payment is treated as though made by the grantor and is cumulated with his other contributions for purposes of the limitations of section 170. S. Rept. 1622, *supra* at 365; sec. 1.671–2(c), Income Tax Regs.

Similarly, gain realized by a trust, which is wholly attributable to the grantor under section 671, may go unrecognized under

section 1033 to the extent that the grantor himself qualifies for such treatment. Thus the grantor is treated as "the taxpayer" for purposes of section 1033. This is the position taken by respondent here and in Rev. Rul. 70–376, 1970–2 C.B. 164. Sections 671 and 676 treat the trust as a conduit passing its income, deductions, and credits directly to the grantor. *Scheft v. Commissioner*, 59 T.C. 428 (1972); see H. Rept. 1337, 83d Cong., 2d Sess. A 212 (1954); sec. 1.671–3(a)(1), Income Tax Regs.; *de Amodio v. Commissioner*, 34 T.C. 894 (1960), affd. 299 F.2d 623 (3d Cir. 1962). Because the grantor is the individual who will be taxed directly on the trust's income, he is the one who should qualify under section 1033 for nonrecognition treatment. We think it would be a strained interpretation of sections 671 and 1033 to hold otherwise.

It is stipulated that the grantor retained a power of revocation sufficient to bring the trust fully within the purview of section 671. See sec. 676(a). There is also no dispute over the amount of gain realized upon conversion, the cost of replacement property, or the periods during which such replacements occurred. Respondent concedes that all of the replacement property was similar or related in service or use to the condemned property. Thus the only issue remaining is whether the purchases made after the death of the grantor may enjoy nonrecognition treatment under section 1033.

It is settled that the right to use the nonrecognition provisions of section 1033 does not necessarily end at the death of the taxpayer. *In Re Goodman's Estate*, 199 F.2d 895 (3d Cir. 1952), revg. 17 T.C. 1017 (1951); *Estate of Jayne v. Commissioner*, 61 T.C. 744 (1974); *Estate of Morris v. Commissioner*, 55 T.C. 636 (1971), affd. per curiam 454 F.2d 208 (4th Cir. 1972). Replacement of the condemned property may be made either by the taxpayer *or by one acting on his behalf. Estate of Morris v. Commissioner, supra* at 641. It does not matter whether the one acting on behalf of the taxpayer is an executor or a trustee. The legal distinctions between executors and trustees are not controlling. *Estate of Morris v. Commissioner, supra.* The focus is upon whether the replacements merely complete the decedent's plans or are made pursuant to the direction and control of another. Compare *Estate of Morris v. Commissioner, supra* at 641, with *Estate of Jayne v. Commissioner, supra* at 752.

In *Estate of Morris v. Commissioner, supra,* the taxpayer

owned improved real estate that was condemned. The taxpayer bought other improved real estate and made plans to erect a new replacement facility on the property. Although work was begun in accordance with those plans, the taxpayer died before the execution of a formal written construction contract. The replacement was nevertheless completed by testamentary trustees. This Court held that section 1033 applied to the entire replacement including that portion completed after the decedent's death, stating:

> Here, the decedent was the architect of the plan of replacement and had, prior to his death, set in motion the actions to implement that plan. He was precluded from completing those actions by the untimely event of death. Thereafter, his successors in interest, proceeding in strict accordance with the decedent's plan, finished the job. Under these circumstances, although the issue is not free from doubt, we think that it can be said that, for the purpose of perfecting the right of election conferred upon the decedent by section 1033(a)(3), the testamentary trustees were acting on his behalf in making the replacement. [55 T.C. at 642.]

Based on the record before us, we conclude that all of the replacements made by the trust both before and after the grantor's death qualify for nonrecognition treatment under section 1033(a)(3). The purchases were made by the trust in an orderly fashion. Most of the replacement had occurred prior to the grantor's death. There was no apparent change in the direction or nature of the purchases made after the grantor's death. Thus we conclude that the trustee was at all times acting on behalf of the grantor and did not, after the grantor's death, acquire the replacement property at the direction of someone other than the grantor.

Finally, we note that according to the stipulated facts, only $1,779,006 of the $1,810,446 condemnation award was reinvested by the trust by December 31, 1973, the date on which the purchases could last qualify for nonrecognition treatment under section 1033. Gain must be recognized to the extent that the amount realized upon conversion exceeds the cost of qualified replacement property. See sec. 1033(a)(3)(A); sec. 1.1033 (a)–2(c)(1), Income Tax Regs. We therefore calculate a recognized gain of $31,440.

*Decision will be entered under Rule 155.*