WILLIAM R. YOUNGER and LANA M. YOUNGER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Younger v. Commissioner
Docket No. 23856-90
United States Tax Court
T.C. Memo 1992-387; 1992 Tax Ct. Memo LEXIS 413; 64 T.C.M. (CCH) 90; July 13, 1992, Filed *413 Decision will be entered for petitioners. For Petitioners: Peter J. Towle. For Respondent: John R. Keenan. TANNENWALD
TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1987 of $ 18,208. Respondent also determined that petitioners were subject to a 10-percent additional tax under section 72(t). [1] The sole issue for decision is whether petitioners are entitled to utilize 10-year averaging to compute the tax on a lump-sum distribution received on March 14, 1987, pursuant to section 1124(a) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2475 (also referred to as TRA section 1124(a)). If this issue is resolved in favor of respondent, petitioners do not dispute the applicability of the 10-percent additional tax under section 72(t). *414 This case was submitted fully stipulated pursuant to Rule 122(a). All the stipulated facts are found accordingly. The attached exhibits are incorporated by reference. Petitioners are husband and wife and resided at Lenoir City, Tennessee, at the time they filed their petition. They timely filed a joint Federal income tax return for the taxable year 1987 with the Internal Revenue Service Center, Memphis, Tennessee. Petitioner [2] terminated his employment as an engineer with Daniel International Corporation (Daniel) and separated from service on March 7, 1986. While employed at Daniel, he participated in its pension plan which was a qualified plan under the Internal Revenue Code. Petitioner received a lump-sum distribution of $ 70,007 on March 14, 1987, on account of his separation from service. No part of the lump-sum distribution was rolled over into an individual retirement account. Petitioner had not attained age 50 before January 1, 1986. Petitioners *415 attached a Form 4972, Tax On Lump Sum Distributions, to their 1987 Form 1040 to report the lump-sum distribution received on March 14, 1987. A separate statement was attached to their 1987 Form 1040 stating: Taxpayer separated from service during 1986 and received a lump-sum distribution after 1986 but before March 16, 1987. Taxpayer elects to use ten-year averaging in accordance with IRC Section 1124(a), PL 99-514, 10/22/86. Petitioners' 1987 Form 1040 was prepared by a certified public accountant. Petitioners timely filed their joint Federal income tax return for the 1986 taxable year with the Internal Revenue Service Center, Memphis, Tennessee. Petitioners did not file an amended return (Form 1040X) for the taxable year 1986 on or before the due date of their 1987 Federal income tax return. Under section 401(a), amounts distributed from a qualified pension plan are generally taxable to the recipient in the year of distribution. However, with respect to lump-sum distributions received before January 1, 1987, section 402(e)(1) provided a preferential 10-year averaging method for purposes of computing the tax on such distributions. For distributions received after December *416 31, 1986, section 402(e)(1) provides a more limited 5-year averaging method as a result of the enactment of the Tax Reform Act of 1986, Pub. L. 99-514, section 1122(a)(2), 100 Stat. 2085, 2466, on October 22, 1986. The parties agree that the distribution received by petitioner in 1987 constitutes a lump-sum distribution under section 402(e)(4)(A). TRA section 1124(a) provides a special transition rule for lump-sum distributions received after December 31, 1986, and before March 16, 1987. It reads as follows: SEC. 1124. ELECTION TO TREAT CERTAIN LUMP SUM DISTRIBUTIONS RECEIVED DURING 1987 AS RECEIVED DURING 1986. (a) In General. -- If an employee separates from service during 1986 and receives a lump sum distribution (within the meaning of section 402(e)(4)(A) of such Code) after December 31, 1986, and before March 16, 1987, on account of such separation from service, then, for purposes of the Internal Revenue Code of 1986, such employee may elect to treat such lump sum distribution as if it were received when such employee separated from service. [3]
*417 Petitioners contend that they satisfied the requirements of TRA section 1124(a) for 10-year averaging by attaching Form 4972 and the statement of election to their timely filed 1987 Federal income tax return, reporting the distribution, and paying the tax thereon, for that taxable year. There are three prongs to their argument: (1) Respondent's action was arbitrary and petitioners are entitled to relief under section 301.9100-1, Proced. & Admin. Regs.; (2) petitioners substantially complied with TRA section 1124(a) citing Taylor v. Commissioner, 67 T.C. 1071 (1977); and (3) petitioners are entitled to relief under the mitigation provisions of sections 1311-1314. Respondent counters that petitioners did not comply with an essential requirement of TRA section 1124(a), in that they did not file an amended 1986 Federal income tax return as set forth in Question and Answer No. 24 of Notice 87-13, 1987-1 C.B. 432, 443, and the instructions accompanying Form 4972 and therefore are not entitled to treat the distribution as though received in 1986. No regulations have ever been issued in respect of TRA section 1124(a). Respondent does not otherwise *418 question petitioners' eligibility to elect 10-year averaging, nor does she question petitioners' calculation of the tax due. Respondent dismisses as inapplicable the three prongs to petitioners' argument. For the reasons hereinafter set forth, we hold for petitioners. The crucial question to be resolved is whether, as respondent maintains, TRA section 1124(a) mandated the reporting of the lump-sum distribution on an amended 1986 return, because that section specified that a taxpayer could treat it as having been received in 1986. It cannot be gainsaid that, in the usual situation, amounts which are considered income for a given year should be reported on the income tax return for that year, e.g., section 652 (income required to be distributed from a "simple" trust in a given taxable year treated as income even though not distributed in that year). But we think the situation herein is unique. The statutory provision is silent as to the manner of reporting except to the extent that the phrase "for purposes of the Internal Revenue Code of 1986" could be said to encompass the time for reporting. Nor does the legislative history cast any light on the issue. The only reference to *419 the transitional provision conceivably applicable to the issue involved herein is contained in the report of the staff of the Joint Committee on Taxation which uses a similar phrase, i.e., "for Federal tax purposes". See Staff of Joint Comm. on Taxation, General Explanation of the Tax Reform Act of 1986, at 716 (J. Comm. Print 1987). Neither does the legislative history of section 1011A(d)(1) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3476 (see supra note 3), throw any significant light on the subject; it clarified the categories of persons entitled to treat lump-sum distributions in early 1987 as having been received in 1986 and simply stated that such treatment was "for all purposes under the Code". See H. Rept. 100-795 at 173 (1988); S. Rept. 100-445 at 181-182 (1988). In this connection we note that the use of subsequent legislative history is in any event open to serious question. See United States v. American College of Physicians, 475 U.S. 834, 846-847 (1986); Buck v HHS, 923 F.2d 1200, 1207 (6th Cir. 1991). The situation is further clouded by the fact that respondent's Form 4972 is labeled *420 "1987" in the upper right hand corner and contains provisions for the 10-year, as well as the 5-year, averaging method. To be sure, those provisions were intended, as the Form 4972 instructions indicate, to apply, without regard to separation from service, to the election of 10-year averaging in respect of lump-sum distributions received by persons who were age 50 or over on January 1, 1986. But the fact remains that the structure of Form 4972 is at best confusing. Cf. Corn Belt Hatcheries of Arkansas, Inc. v. Commissioner, 52 T.C. 636 (1969). Respondent's action in articulating question and answer No. 24 in Notice 87-13, supra, and the instructions accompanying Form 4972 is clearly founded on the rationale that TRA section 1124(a) could, because of its vagueness in respect of the time of reporting, be construed to require reporting of a 1987 distribution as early as April 15, 1987, the due date for timely filing of 1986 returns. Such a result would have created problems for those persons who had filed their 1986 returns early or who did not receive their lump-sum distribution until March 1987, a point in time very close to such due date. To deal with *421 this problem and in light of the fact that an actual distribution in 1987 was involved (which would naturally receive attention for tax purposes in connection with the preparation and filing of the 1987 return), respondent embraced the due date of the 1987 return as the limiting point of time for making the election. There was also a potential further problem in that eligibility for, and application of, the 10-year averaging method could be dependent upon the extent and nature of 1986 distributions which had been subject to reporting on the 1986 return. The impact of such distributions could affect eligibility, e.g., rollovers, see Fowler v. Commissioner, 98 T.C.     (April 22, 1992), capital gains distributions under section 402, additional tax on early distributions under section 402, and excess annual distributions under section 4981A (now section 4980A). In this context, respondent was understandably concerned that, unless the election was clearly identified with the taxable year 1986, she might encounter administrative difficulties, e.g., she might find that the statute of limitations had run for that taxable year by the time she had knowledge of the election, a situation *422 that might arise if an election for 1986 were made as part of a 1987 return. Hence, respondent devised the technique of an amended 1986 return. We think that, at least in the absence of any regulations in respect of TRA section 1124(a), we need not go as far as respondent would have us go in protecting the interests of both the taxpayer and respondent under the circumstances herein. We think it important to emphasize that we are dealing with a transitional provision of limited applicability and with a relief provision which should be liberally construed. Cf. Estate of Morris v. Commissioner, 55 T.C. 636, 642 (1971), affd. per curiam 454 F.2d 208 (4th Cir. 1972). What is involved is a unique situation which challenges us to fashion an approach which would meet the needs of both parties. Cf. Roy H. Park Broadcasting v. Commissioner, 78 T.C. 1093, 1131-1136 (1982); Manson Western Corp. v. Commissioner, 76 T.C. 1161, 1165 (1981). Clearly, permitting an otherwise proper election of 10-year averaging under TRA section 1124(a) to be made on a timely filed 1987 return, as well as an amended 1986 return, will *423 not prejudice the taxpayer. As far as respondent is concerned, she will not be worse off if the issue relates to the eligibility of the taxpayer to make the election. If the taxpayer is not eligible, the election will not be valid, and the lump-sum distribution becomes taxable in 1987. That will end the matter. If the problem is the calculation of the tax on an otherwise valid election of the 10-year averaging method, respondent can be protected if the statute is construed to permit the election for 1987 even though the resulting tax is calculated on the basis of 1986 distributions and the 1986 tax rate is applied. Any resulting deficiency based upon a miscalculation would be an additional tax for 1987, not 1986. Such an approach eliminates any administrative difficulties of respondent or her exposure to the running of the statute of limitations for 1986. Compare Bell Fibre Products Corp. v. Commissioner, 65 T.C. 753 (1976), with Cloutier v. United States, 709 F.2d 480 (7th Cir. 1983). We perceive no overriding considerations of policy which should cause us to conclude that Congress intended to preclude taxpayers from using the *424 alternative method of reporting under TRA section 1124(a) which we adopt on the facts of this case. Cf. California Thoroughbred Breeders Association v. Commissioner, 47 T.C. 335 (1966). We hold that TRA section 1124(a) permits either an election on an amended 1986 return filed by the due date for the 1987 tax year, or an election for 1987 on a timely filed return for that year. Accordingly, respondent's determination that petitioners made an invalid election is not sustained. Such being the case, we have no need to confront the three specific prongs of petitioners' argument, see supra p. 5, although we observe that none of them impress us. Similarly, the addition to tax under section 72(t) falls by the wayside. Decision will be entered for petitioners. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner will refer to William R. Younger, individually.↩
3. Sec. 1011A(d) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3476, left the heading of sec. 1124 intact and amended and re-enacted subsection (a) to read as follows: (a) In General. -- If an employee dies, separates from service, or becomes disabled before 1987 and an individual, trust, or estate receives a lump-sum distribution with respect to such employee after December 31, 1986, and before March 16, 1987, on account of such death, separation from service, or disability, then, for purposes of the Internal Revenue Code of 1986, such individual, estate, or trust may treat such distribution as if it were received in 1986.↩